608 So.2d 1006 (1992)
Laurie Perez, Wife of and Ralph PEREZ
v.
WAL-MART STORES, INC.
No. 92 C 1336.
Supreme Court of Louisiana.
November 30, 1992.
Daniel L. Dysart, Dysart, Sanborn & Tabary, Chalmette, for applicant.
Michael E. Holoway, Jack E. Truitt, Holoway, McQuaig, Solomon & Dyer, Metairie, for respondent.
WATSON, Justice.
In this slip and fall case, the trial court awarded plaintiff, Laurie Perez, $11,243.60 in damages against Wal-Mart Stores, Inc. The court of appeal decided that the trial court was clearly wrong in finding plaintiff free of fault and found Laurie Perez 50% at fault. Perez v. Wal-Mart Stores, Inc., 599 So.2d 1104 (La.App. 4th Cir.1992). A writ was granted to review the court of appeal's action. 600 So.2d 687 (La.1992).

FACTS
On December 2, 1988, about 9:00 p.m., Laurie Perez was walking through the aisles of a Wal-Mart store when she *1007 slipped and fell in a pool of slippery liquid cleaner. Laurie, a woman in her early twenties, was wearing tennis shoes. Michael Harold Schultz saw Laurie looking at the shelves just before she fell. He turned away and then saw her on the floor covered with "liquid soap." Laurie fell on her right side, hurting her back, hip and elbow. On the following afternoon, Laurie went to the Chalmette General Hospital Emergency Room where x-rays were taken of her hip and lower back. She was given an injection and prescriptions for pain.
An expert in family practice, Dr. Lucas A. Dileo, saw Laurie on December 6, 1988. Dr. Dileo observed muscle spasms in the right lumbosacral region of her lower back, most pronounced at levels L-4 and L-5. Laurie's mobility was approximately 50% restricted. Dr. Dileo diagnosed a moderate lumbosacral iliac strain and a moderate strain of the right hip's muscles and ligaments. He prescribed Percocet, a Schedule II narcotic which requires a written prescription and indicates serious pain.
An orthopedic surgeon, Dr. Ralph J. Gessner, saw Laurie Perez on January 12, 1989, when she complained of persistent low back pain radiating into her right side. He observed mild muscle spasms on the right side of the lumbosacral spine. Dr. Gessner treated Laurie until May of 1989, when he felt she had achieved maximum benefit from medical treatment. After six months, the acute phase of her injury ended. Laurie returned to Dr. Gessner in October of 1989, when she had mild muscle spasms and recurrent soreness in the right side of her back. The pain was intermittent and probably aggravated by resumption of normal activity. On December 1, 1989, a year after the accident, Laurie still had muscle spasms.
Wal-Mart's records show that the area of the accident was swept about 4:30 p.m. Rosa Moolekemp, the maintenance employee who did that sweep, said that she had done it before she left at 4:00 or 4:30 p.m. During her eight hour shift, she makes at least two sweeps. Her replacement, Clarence Santiago, heard about the accident the following day.
The trial court concluded that the last sweep of the store was no later than 4:30 p.m.; that the pool of liquid was one to two feet in diameter; that the pool was large enough to cover Laurie; that the store's cleanup procedure was inadequate; and that there was no fault or negligence on the part of Laurie Perez. She was awarded general damages of $10,000 and special damages of $1,243.60.
The court of appeal concluded that Laurie Perez should have seen the spill because it was a clearly visible amber color against a white floor near the center of the aisle. The size, color and odor of the spill should have brought it to her attention.
The court of appeal's conclusion rested on resolving several disputed issues of fact against plaintiff. Laurie Perez said that the spill was a clear liquid. She thought it was liquid Spic & Span or Mr. Clean. Although told that the spill was pine oil, she testified it was not amber in color and it did not have a pine oil odor. Schultz, a disinterested witness, said she was covered with a soapy amber liquid. However, he located the pool close to the shelves. He was in the same aisle, looked in her direction and also failed to see or smell the liquid before the accident. As he explained, both he and Laurie were looking at the merchandise.
Jerry Thielemier, who was a general store manager at the time, did not speak to Laurie Perez, although she remained on the floor over half an hour. He said the floor was off white and described the liquid as amber with a pine scent. On the other hand, Wal-Mart's accident report notes the product as Spic & Span, and Clarence Santiago said the floor was a tan colored tile.
LSA-R.S. 9:2800.6 provides the legal burden of proof in claims against merchants:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully *1008 on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, and in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
C. Definitions:
(1) "Constructive notice" means the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.
* * * * * *
After enactment of the above statute by Act 714 of 1988 and Act 1025 of 1990, floor debris does not create a presumption of store negligence. Compare Brown v. Winn-Dixie Louisiana, Inc., 452 So.2d 685 (La.1984). However, a patron in a self-service store reasonably assumes that the aisles are clear for passage and focuses on the displayed merchandise, not the pathway. See Kavlich v. Kramer, 315 So.2d 282 (La.1975).
When Donald Kimble tripped over three, red, 18-inch, toy rocking chairs blocking an aisle's white floor, the trial court found Wal-Mart 100% at fault, and the court of appeal amended to assess Donald Kimble with 50% fault. After applying the factors in Watson v. State Farm Fire & Cas. Ins. Co., 469 So.2d 967 (La.1985), this Court amended the judgment to cast Donald Kimble with 25% fault. Kimble v. Wal-Mart Stores, Inc., 539 So.2d 1212 (La.1989). Kimble's fault in failing to see the chairs was lessened by his attention to Wal-Mart's shelves.
Both in the Kimble case and here, Wal-Mart was negligent in its care of the aisles. The duty to keep a proper lookout is diminished when shelved merchandise distracts a shopper. This spill, regardless of color, was less visible than three, red, 18-inch, toy rocking chairs.
The court of appeal erred in substituting its judgment for that of the trier of fact on the issue of plaintiff's comparative fault. As a normal shopper, Laurie Perez was viewing the merchandise, not the floor. The slippery spill presented an unreasonable and unanticipated risk of injury. The trier of fact found that Wal-Mart did not prove any comparative fault on the part of Laurie Perez, and that finding must stand absent clear error. Clear error by the trial judge does not appear from the record. The court of appeal incorrectly concluded there was clear error.
For the foregoing reasons, the judgment of the court of appeal is reversed; and
IT IS ORDERED that there be judgment in favor of plaintiff, Laurie Perez, against defendant, Wal-Mart Stores, Inc., in the sum of $11,243.60, together with legal interest and all costs.
REVERSED AND RENDERED.
DENNIS, J., concurs.