687 So.2d 668 (1997)
Brenda J. MYLES, Plaintiff-Appellee,
v.
BROOKSHIRES GROCERY COMPANY d/b/a Super-One Foods, Defendant-Appellant.
No. 29100-CA.
Court of Appeal of Louisiana, Second Circuit.
January 22, 1997.
*670 Sharon Ingram Marchman, Monroe, for Appellant.
William E. Armstrong, Monroe, for Appellee.
Before WILLIAMS, STEWART and CARAWAY, JJ.
WILLIAMS, Judge.
In this personal injury action, the defendants, Brookshires Grocery Company d/b/a Super-One Foods and its liability insurer, Hartford Insurance Company, appeal a trial court judgment in favor of the plaintiff, Brenda J. Myles, who sued to recover damages sustained in her slip and fall in defendant's grocery store. The defendants contend that the plaintiff failed to prove her claim by a preponderance of the evidence and assert that the trial court's damage award is excessive. For the following reasons, we affirm.

FACTS
On May 13, 1995, the plaintiff went to the Super-One Foods grocery store in West Monroe, Louisiana, accompanied by Helen Park and Earl Taylor. Plaintiff entered the store while her companions parked the car. She spoke briefly with Deloris Russell and Stella Hamilton, who were in line at express checkout register number 15, across from the courtesy counter at the store entrance.
Approximately fifteen minutes before the plaintiff's arrival, the assistant store manager, Staci Hathaway, had instructed another employee, Jerome Ratcliff, to clean up a water spill near a support pole located between checkout registers number 14 and number 15. Two candy display racks were positioned on either side of the pole. After Ratcliff mopped up the water, the two-foot square area remained damp. He testified that he placed a "wet floor" sign on the outside edge of the wet area, approximately one foot from the pole and across from the bread aisle. Ratcliff described the support pole as standing between the cash registers and the sign.
After speaking with her friends, the plaintiff proceeded toward the merchandise, with the cash registers on her left and the bread aisle on her right. According to the plaintiff, as she approached the pole and was walking around the display rack, she slipped on wet floor tiles and fell, striking her right knee on the floor and landing in a sitting position. Plaintiff was wearing rubber-soled walking shoes and the right leg area of her shorts was wet. Plaintiff did not see the "wet floor" sign prior to her fall because it was obscured by the pole and the adjacent display racks. The plaintiff stated that after she fell, an older woman moved the sign next to the location of her fall. No other witness testified who saw the fall itself or the sign moved.
While walking toward the front of the store, Ratcliff observed the plaintiff getting up from the floor in the area he had mopped earlier. He inquired if she was alright and she asked to speak with the manager. Another customer, Eva Harris, testified that after passing the pole, she heard someone fall. She turned and saw the plaintiff sitting on the floor. The plaintiff went to the manager's office and told Hathaway that she was not hurt, that she would let them know if her condition worsened and that she would see a doctor. Hathaway testified that plaintiff then walked toward the store exit, but that *671 she did not actually see plaintiff leave the store. Plaintiff had not left, but continued shopping with her companions for about 20 to 30 minutes.
The plaintiff filed this action against the defendants, Brookshires Grocery d/b/a Super-One Foods and its insurer, seeking to recover damages for injuries caused by her fall. After a trial, the district court rendered judgment in favor of the plaintiff, awarding $740 in medical expenses and $4,000 in general damages. The defendants appeal this judgment.

DISCUSSION
Liability
The defendants argue the trial court erred in finding the merchant liable for plaintiff's injuries. They contend that the placement of the wet floor sign was a reasonable warning and that plaintiff should have avoided the accident.
A negligence action brought by a person against a merchant for damages resulting from injuries sustained in a fall is governed by LSA-R.S. 9:2800.6. Accordingly, the plaintiff has the burden to prove that she slipped and fell due to a condition on the defendant's premises which presented an unreasonable risk of harm that was reasonably foreseeable, that defendant either created the condition or had actual or constructive notice of the condition prior to the occurrence, and that defendant failed to exercise reasonable care. Welch v. Winn-Dixie La. Inc., 94-2331 (La.5/22/95), 655 So.2d 309. A trial court's findings of fact may not be set aside on appeal in the absence of manifest error or unless they are clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Here, the evidence in the record provides a reasonable factual basis that the damp floor created an unreasonable risk of harm for plaintiff. Store employees had actual knowledge of a two-foot square spill of water. Although a store clerk mopped up the water, the floor remained wet. The store utility clerk and the manager acknowledged that the area was still damp fifteen minutes later when the plaintiff fell. The wet spot was not visible to plaintiff or to Ms. Harris, who walked past the area on her way to the checkout line just before plaintiff's fall.
The record also supports the finding that the store failed to exercise reasonable care. In addition to the floor still being wet, the store clerk stated that he put one sign adjacent to, but not on, the damp area. Although the trial court did not articulate reasons for judgment, the trier of fact apparently accepted plaintiff's testimony that the sign was located between the pole and the cash registers. The plaintiff's account was corroborated by Ms. Harris' testimony that the sign seemed closer to the registers than to the bread aisle. Therefore, the pole and the adjacent displays obscured the sign, which did not adequately warn customers of the hazardous condition. This assignment of error lacks merit.
Comparative Negligence
Alternatively, the defendants argue that the trial court should have assigned a percentage of fault to the plaintiff for failing to see the sign. They contend the plaintiff was negligent in not avoiding the hazardous condition.
The duty of a customer in the display area of a retail store to maintain a lookout is diminished because the merchant intentionally seeks to distract the customer's attention to the shelves. The customer retains a duty to exercise reasonable care under the circumstances. Stark v. National Tea Co., 94-2633 (La.App. 4th Cir. 5/16/95), 655 So.2d 769, writ denied, 95-1801 (La.11/3/95), 661 So.2d 1380. A patron in a self-service store reasonably assumes that the aisles are clear for passage and focuses on the displayed merchandise, not the pathway. Billiot v. Cline, 27,396 (La.App.2d Cir. 9/27/95), 661 So.2d 537, writ denied, 95-2595 (La.1/5/96), 666 So.2d 293.
The defendant bears the burden to establish, by a preponderance of the evidence, that the plaintiff was comparatively negligent and that such negligence was a cause of any injuries and subsequent damages she sustained. Wilson v. National Union Fire Ins. Co. of La., 27,702 (La.App.2d *672 Cir. 12/6/95), 665 So.2d 1252. Comparative fault is a question of fact which will not be disturbed absent manifest error. Marshall v. A & P Food Company of Tallulah, 587 So.2d 103 (La.App. 2d Cir.1991).
Accepting the plaintiff's description of the sign's location, the trial court could find that the warning was not observable with reasonable care because the pole and display racks obscured plaintiff's view of the sign. It is also not unreasonable to conclude that her two friends standing in the checkout line did not see the sign, which would have been behind them. Further, at the time of their conversation, the plaintiff's attention was focused on the other two women and not on her surroundings.
In addition, even if the sign was placed in the area indicated by the store employees, the trial court could reasonably find that the warning was not observable with ordinary care. Ratcliff testified that he placed the wet floor sign on the outside edge of the spill, approximately one foot from the pole, opposite the bread aisle. A customer walking around the display rack adjacent to the pole, and looking at the merchandise, could encounter and slip upon the wet tiles before seeing the sign on the floor. A patron may reasonably assume that the aisles are safe for passage and focus on the displayed items, not the pathway. Here, the plaintiff's conduct was not unreasonable and the defendant was in a superior position to maintain safe floor conditions. This argument lacks merit.
Damages
Defendants contend the trial court's award of $4,000 in general damages is excessive. They argue that if plaintiff is entitled to any recovery, the maximum amount should be $2,000, considering plaintiff's existing arthritis and other health problems.
Before an appellate court can question a trial court's award of damages as excessive, the reviewing court must look first, not at prior awards, but at the individual circumstances of the case. A damage award should not be disturbed absent a showing of a clear abuse of the discretion vested in the trial court. Only after an analysis of the facts reveals an abuse of discretion should the appellate court resort to prior awards in similar cases. Reck v. Stevens, 373 So.2d 498 (La.1979). The procedure for testing whether a trier of fact abused its discretion is to determine whether the award can be supported by an interpretation of the evidence most favorable to the plaintiff which could reasonably have been made by the court. Carroll v. St. Paul Ins. Co., 550 So.2d 787 (La.App. 2d Cir.1989). To be an abuse of discretion and excessive, an award must be so high in proportion to the seriousness of the injury that it shocks the conscience. Payton v. New Orleans, 96-0109 (La.App. 4th Cir. 6/26/96), 679 So.2d 446.
In the present case, the plaintiff had been treated for chronic back and neck pain by Dr. Kermit Walters and by a chiropractor, Adamos Karamanis, before her fall in the store. In his deposition, Dr. Karamanis testified that from October 1993 until the accident in May 1995, he had treated plaintiff for a degenerative condition. A few days after the accident, she came to his office complaining of injury to her upper and lower back and right knee. Dr. Karamanis observed swelling in plaintiff's right knee and diagnosed her as having back and knee strain/ sprain. Dr. Karamanis recommended that plaintiff see a medical doctor for her knee and noted much more lower back pain during her post-accident visits than he had observed previously.
In addition to taking x-rays, Dr. Karamanis provided treatment and adjustments on four occasions in May 1995. At the time of her last treatment, plaintiff had not regained her pre-accident degree of health, and Dr. Karamanis estimated that it would take three and one-half months to reach that point. Plaintiff's visits for treatment of pain related to the accident were not covered by Medicaid. The medical expenses included $340 for x-rays and $400 for treatment.
Although the plaintiff did not break any bones in her fall, the medical evidence supports her testimony that her health was adversely affected. Dr. Karamanis found the nature of her complaints differed following the accident. The plaintiff testified that her injuries had a detrimental impact on her *673 lifestyle and caused continuing intermittent pain, for which she was taking medication at the time of trial, nine months after the mishap.
After reviewing the record, we cannot say that the $4,000 award to plaintiff for the pain, suffering and inconvenience resulting from her fall is so high as to shock the conscience when the evidence is viewed favorably to the plaintiff. Therefore, we conclude that the trial court did not abuse its discretion in awarding damages. The assigned error lacks merit.

CONCLUSION
For the foregoing reasons, the trial court's judgment finding defendants liable for plaintiff's injuries, and awarding medical expenses of $740 and general damages of $4,000 is affirmed. Costs of this appeal are assessed to the defendants, Brookshires Grocery Company d/b/a Super-One Foods and its liability insurer, Hartford Insurance Company.
AFFIRMED.