742 So.2d 756 (1999)
Angela TERRY, Plaintiff-Appellee,
v.
SUTHERLANDS LUMBER COMPANY, Defendant-Appellant.
No. 32,345-CA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1999.
*757 Lee H. Ayres, Shreveport, Counsel for Appellant.
W. James Singleton, Shreveport, Counsel for Appellee.
Before WILLIAMS, PEATROSS and DREW, JJ.
WILLIAMS, Judge.
In this slip and fall action, the defendant, Victoria Sutherland Lumber Company ("Sutherland"), appeals a judgment in favor of the plaintiff, Angela Terry. The *758 trial court awarded plaintiff $7,500 in general damages and $2,600 in special damages. For the following reasons, we affirm.

FACTS
On May 7, 1997, Angela Terry went to the Sutherland store located on Hollywood Avenue in Shreveport, Louisiana. Terry entered the store and began looking at storm doors. After shopping for several minutes, Terry stumbled while walking around the end of an aisle. According to Terry, her foot became caught on a storm window, which had been placed on the floor, against a display shelf. The window measured two square feet and weighed four pounds. After stumbling, Terry complained of ankle pain and she was taken to the hospital by a store employee. Terry was diagnosed with a mild sprain of her left ankle and left knee.
Subsequently, the plaintiff, Angela Terry, filed a petition for damages against the defendant, Sutherland, alleging that the placement of the window in the aisle was a hazardous condition which caused her injuries. After a trial, the district court rendered judgment in favor of plaintiff, finding that the window was placed at the end of an aisle, where a patron would turn a corner, and that "it was not unreasonable for the plaintiff to not have seen the window." The trial court awarded plaintiff $7,500 in general damages and $2,600 in special damages. The defendant appeals the judgment.

DISCUSSION
The defendant contends the trial court erred in relying on provisions of LSA-R.S. 9:2800.6 that are no longer in effect. The defendant argues that the trial court's decision is not entitled to deference and urges this court to review the case de novo.
A court of appeal should not set aside a jury's finding of fact in the absence of manifest error or unless it is clearly wrong. Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Stobart v. State Dept. of Transp. & Development, 617 So.2d 880 (La.1993). If the trial court's findings are reasonable when the record is reviewed in its entirety, the appellate court may not reverse. Fowler v. Wal-Mart Stores, Inc., 30,843 (La.App.2d Cir.8/19/98), 716 So.2d 511.
The record does not support the contention that the trial court applied the incorrect law in the present case. Although the trial court cited Perez v. Wal-Mart Stores, Inc., 608 So.2d 1006 (La.1992) in its reasons for judgment, the trial judge merely referred to that case as authority for the general rule that a customer may reasonably expect a merchant's aisles to be clear for passage. This rule has not been affected by subsequent amendments of Section 2800.6. Thus, contrary to the defendant's assertion, the trial judge's reference to Perez does not support the inference that the trial court relied on outdated statutory language or improperly shifted the burden of proof. Consequently, the manifest error standard of review is applicable to this case.

Liability
In two assignments of error, the defendant contends the trial court erred in finding defendant liable for plaintiffs injuries. Defendant argues that the plaintiff failed to prove the existence of an unreasonable risk of harm.
A merchant owes a duty to persons who use his premises to exercise reasonable care to keep the premises free of any hazardous conditions which might reasonably give rise to damage. LSA-R.S. 9:2800.6. A person who brings a claim for an injury sustained in an accident due to a condition existing on the merchant's premises must prove that: (1) the condition presented an unreasonable risk of harm *759 that was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the dangerous condition; and (3) the merchant failed to exercise reasonable care. LSA-R.S. 9:2800.6.
In its brief, defendant asserts that the plaintiff did not present sufficient evidence to prove that she stumbled on the window. We disagree.
The defendant's employee, Scottie Lewing, testified that on the day of the accident, he was assisting the plaintiff in the storm door area of the store. Lewing stated that the storm windows were stacked on a shelf across from the doors, and that a window had been placed on the floor in front of the others. Lewing testified that while plaintiff was looking at the storm doors, she stepped back, turned and "caught her foot" on the window which had been placed on the floor. Lewing stated that he saw the plaintiff trip and stumble over the window. The foregoing testimony establishes the fact that plaintiff tripped over the window.
The evidence shows that defendant created the condition at issue. Gerald Goldman, an assistant store manager, testified that when there was insufficient room on the display shelf for an extra window, it would be placed on the floor leaning against the row of shelved windows. Lewing explained that customers were required to look up above the storm doors to find the prices and that a person looking at the doors would be facing away from the windows.
In this situation, placing an unattached window on the floor creates a risk that a person could trip over the object while their attention was diverted. In addition, the photographs admitted into evidence illustrate that a person looking at the row of windows might not realize that the front window is actually on the floor and must be stepped around. Based on the evidence in the record, the trial court could reasonably conclude that the window placed on the floor near the end of the aisle created an unreasonable risk of harm for store patrons.
The defendant contends the evidence shows that it exercised reasonable care. Goldman testified that the store had stocked windows on the floor for a number of years and that he was unaware of any other customer tripping in that area. However, as previously noted, the window had been placed on the floor directly across from the storm door display, which draws the customer's attention away from the floor. Although the plaintiff sought store employees for assistance, there is no indication that they pointed out the presence of the window on the floor. Further, the defendant could have reduced the risk with minimal effort by simply storing the extra window elsewhere. After reviewing the record, we cannot say the trial court was clearly wrong in finding that the defendant failed to exercise reasonable care under the circumstances. The assignments of error lack merit.

General Damages
The defendant contends the trial court erred in awarding excessive damages. Defendant argues that the evidence does not support the general damage award of $7,500.
General damages are those that may not be fixed with pecuniary exactitude. Such damages involve mental or physical pain and suffering, inconvenience, the loss of physical enjoyment, or other losses of lifestyle that cannot be definitively measured in monetary terms. Caldwell v. Smith, 25,956 (La.App.2d Cir.8/17/94), 641 So.2d 1011. In appellate review of general damages, the initial inquiry is whether the award for the particular injuries and their effects under the circumstances on the particular injured person is a clear abuse of the fact finder's broad discretion. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993).
In determining whether the trier of fact abused its discretion in making an award, the evidence must be viewed in the *760 light most favorable to the prevailing party. Youn, supra. Only after a review of the record discloses an abuse of discretion may the appellate court determine that the award is either excessive or insufficient. Once it has been determined that the district court has abused its discretion, the reviewing court may lower an award to the highest point which is reasonably within the discretion of the trial court. Caldwell, supra.
Here, the evidence shows that after the accident, plaintiff was transported to the Willis-Knighton emergency room, where she was examined and diagnosed with a mild sprain of the left ankle and left knee. Plaintiff was released after being instructed to elevate the ankle and apply ice packs.
On May 19, 1997, the plaintiff visited Dr. Lewis Jones at Orthopedic Specialists of Louisiana complaining of significant pain in her left ankle. Dr. Jones examined plaintiff and found mild swelling of the ankle. Dr. Jones prescribed Lortab for pain relief and recommended physical therapy three times per week. The next day, the plaintiff saw Dr. James May, who referred her to Mid South Orthopaedics. On May 29, 1997, plaintiff was examined by Dr. John Ferrell, who reported that plaintiff was free of swelling and that her knee was stable. Dr. Ferrell diagnosed the plaintiff with ankle sprain and calf strain and prescribed physical therapy.
The plaintiff also sought treatment at Chiro-Plus, where she was seen by Dr. Renese Garcie, a chiropractor. After plaintiff's last visit on September 2, 1997, Dr. Garcie noted that plaintiff had stated that her ankle did not hurt anymore and that her knee was improving.
The evidence shows that plaintiff sustained a soft tissue injury to her left ankle and left knee for which she sought treatment for approximately four months. During that period, she experienced moderate to significant pain, which had apparently resolved by the time of her last visit to the chiropractor. The plaintiff did not testify that she experienced any further pain after that time. The trial court considered the medical reports admitted into evidence. After reviewing the record, although the award is at the upper end of the permissible range for the injuries sustained, we cannot say that the trial court abused its broad discretion in awarding this plaintiff $7,500 in general damages. Thus, the assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed to the appellant, Victoria Sutherland Lumber Company.
AFFIRMED.