Judgment rendered September 25, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,066-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

SHIRLEY GREEN                                    Appellant

versus

BROOKSHIRE GROCERY COMPANY          Appellee
D/B/A SUPER ONE FOODS

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 605,225

Honorable Ramon Lafitte, Judge

* * * * *

RONALD J. MICIOTTO                          Counsel for Appellant
JUSTIN SMITH

BARHAM & WARNER, L.L.C.                  Counsel for Appellee
By:  Elizabeth P. Grozinger

* * * * *

Before GARRETT, STONE, and COX, JJ.

**COX, J.**

This personal injury appeal arises out of the First JDC, Caddo Parish, Louisiana. Shirley Green brought suit against Brookshire Grocery Company D/B/A Super One Foods ("Brookshire") after she slipped and fell in the store. Ms. Green seeks review of the trial court's decision granting Brookshire's motion for summary judgment. For the following reasons, we respectfully reverse.

**FACTS**

Ms. Green was shopping at Super One Foods in Shreveport, Louisiana, on July 17, 2017. While walking down a main aisle, she slipped on a red liquid and fell. Ms. Green injured her left knee, left leg, pelvis, neck, and back. After falling, she was treated at Willis Knighton Urgent Care, University Health, and Chiro Care.

An affidavit from the store manager of Super One, Kenneth Cole, appears in the record. His affidavit stated that at the time of Ms. Green's fall there was a liquid substance on the floor with a reddish tint. He stated that upon being advised of the spill, he immediately placed two bright yellow "wet floor caution" cones in the spill area, with one placed right beside the liquid. He stated that an employee was also told to stand by the liquid and warn customers of the substance until it could be properly cleaned up. Mr. Cole stated that while he retrieved cleaning supplies, Ms. Green walked through the area and fell.

Ms. Green's affidavit stated that she did not see the liquid or warning cone prior to her fall. She stated that no employee warned her of the spill or attempted to stop her from proceeding through the spill.

Surveillance video of the store showed the following:

- 13:34:03- A woman in a striped dress is pushing her cart down the aisle when her drink falls over and spills onto the floor. The drink continues to spill as she pushes her cart, leaving a trail, until the woman notices and picks up the drink. The woman proceeds past two aisles. She goes down the third aisle and then comes back to the main aisle.

- 13:34:44- The woman talks to a Super One employee and points to the spill.

- 13:34:58- The employee sees the spill and walks off camera.

- 13:36:25- Super One's employees return to the aisle. An employee places a yellow cone on the far side of the spill several aisles away.

- 13:36:44- Another yellow cone is placed by an employee. This cone appears to be placed in the middle of the spill, next to a display pallet. One employee stands two aisles away from the spill site.

- 13:37:05- Ms. Green pushes her cart between the store employee and the display pallet in the middle of the aisle. The cone is positioned on the opposite side of the pallet from Ms. Green. Ms. Green then walks through the trail of liquid and falls.

- 13:37:08- An employee appears with paper towels to clean up the spill.

- 13:39:12- Ms. Green is helped onto an electric cart.

- 13:39:34- A store patron moves another cone into the spill area.

- 13:41:23- The employees finish cleaning up the spill with paper towels.

- Seven store patrons walk through the same area where Ms. Green fell between the time of the spill and Ms. Green falling.

Ms. Green filed a petition for damages on December 4, 2017. She alleged that she was walking in an ordinary and prudent manner at the time of the fall. She further alleged that Brookshire was negligent for the following: failure to use reasonable and ordinary care in order to protect patrons from a dangerous condition; failure to properly inspect the premises; failure to properly maintain the premises; failure to warn patrons of the presence of a dangerous condition; res ipsa loquitor was specifically pled;

2

and, any other acts of negligence which may be shown at trial. She stated that Brookshire knew or should have known that there was a foreign substance on the floor and should have taken the necessary steps to alert patrons of the substance.

Ms. Green requested general damages for her pain, suffering, inconvenience, and mental anguish. She also requested special damages consisting of the following: past, present, and future medical expenses; past, present, and future pain, suffering, mental anguish, distress, and loss of social functions; past, present, and future loss of wages and loss of earning capacity; and, past, present, and future loss of the ability to engage in her normal and usual social, recreational, and family activity.

In the alternative, Ms. Green argued that if the court found her to be negligent, Brookshire should be apportioned its percentage of negligence under the comparative negligence laws of Louisiana.

Brookshire filed its answer to Ms. Green's petition on January 18, 2018. Brookshire claimed Ms. Green's injuries were the result of her own fault and negligence because she failed to see what she should have seen; failed to avoid what could have been avoided; failed to take reasonable steps to watch for her own safety; and, other reasons which may be shown at trial. It also argued that her injuries were the result of a third party's negligence, over which it had no control.

Brookshire filed a motion for summary judgment on August 10, 2018. It argued that Ms. Green did not and cannot make a positive showing that the substance on the floor presented an unreasonable risk of harm or that Brookshire failed to exercise reasonable care as required by La. R.S. 9:2800.6.

Ms. Green filed a motion for summary judgment and opposition to Brookshire's motion for summary judgment. She stated that there were no genuine issues of material fact. She argued that Brookshire had actual knowledge of a hazardous condition that created an unreasonable risk of harm, which caused her damage, and Brookshire failed to exercise reasonable care in cleaning up the liquid and warning patrons of its presence.

A hearing on the motions for summary judgment was held on October 29, 2018. On January 28, 2019, the district court granted Brookshire's motion for summary judgment, denied Ms. Green's motion, and dismissed her claims with prejudice. The district court found that Brookshire exercised reasonable care by placing the cone within a couple of minutes after the spill took place. Based off its viewing of the surveillance video, the district court stated, "The cone in my opinion was very visible from all directions[.]"

Ms. Green now appeals the district court's ruling.

**DISCUSSION**

Ms. Green seeks review of the district court's ruling regarding the motion for summary judgment. She argues the district court erred in granting Brookshire's motion for summary judgment.

Ms. Green claims that the spill was 7 to 10 feet long. She argues that Brookshire failed to timely clean up the spill, violated its written policies and procedures, failed to secure the hazardous area, and failed to warn patrons of the hazardous conditions. She argues that while the store manager's affidavit states an employee was placed near the spill to verbally warn customers, the video does not indicate the employee warned anyone of the spill. Additionally, Ms. Green argues that the single warning cone was not adequate to properly warn the patrons of the store and protect the

4

shoppers from risk of injury.[1] Finally, Ms. Green argues that Brookshire failed to exercise reasonable care by failing to immediately clean up the area in accordance with its accident prevention policy. She asserts that had the employee simply used paper towels to absorb the liquid, the accident would not have occurred. While Ms. Green acknowledges that the time delay in cleaning up was not long, she argues the time delay was crucial for this case because had the employee acted immediately, the event could have been avoided.

Brookshire argues that there is no genuine issue of material fact. It points out that the district court stated that the tall yellow warning cone was a "pretty tall cone, not the regular little cone we normally see, plainly visible from any direction[.]" Brookshire also argues the video shows that two cones were placed before paper towels were retrieved. Brookshire asserts that this Court has previously found that the placement of a single warning cone is in the exercise of reasonable care.

A de novo standard of review is required when an appellate court considers rulings on motions for summary judgment, and the appellate court uses the same criteria that governed the district court's determination of whether summary judgment was appropriate. *Sepulvado v. Travelers Ins. - Charter Oak Fire Ins. Co.*, 52,415 (La. App. 2 Cir. 11/8/18), 261 So. 3d 980. A court must grant a motion for summary judgment if the motion, memorandum, and supporting documents show that there is no genuine issue

---

[1] Although the video indicates the manager initially places a cone several aisles away, Ms. Green's arguments revolve around the cone placed beside the pallet in the area in which she fell.

as to a material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966.

A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. *Jackson v. City of New Orleans,* 12-2742 (La. 1/28/14), 144 So. 3d 876, *cert. denied, U.S.,* 135 S. Ct. 197, 190 L. Ed. 2d 130 (2014); *Marioneaux v. Marioneaux,* 52,212 (La. App. 2 Cir. 8/15/18), 254 So. 3d 13. In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. *Marioneaux, supra; Chanler v. Jamestown Ins. Co.,* 51,320 (La. App. 2 Cir. 5/17/17), 223 So. 3d 614, *writ denied,* 17-01251 (La. 10/27/17), 228 So. 3d 1230.

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).

6

Ms. Green's claim is based on La. R.S. 9:2800.6, which provides, in pertinent part:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

It is undisputed that Brookshire had actual knowledge of the spill prior to Ms. Green falling and that the spill created an unreasonable risk of harm that was reasonably foreseeable. Ms. Green is arguing the granting of the motion for summary judgment was improper because Brookshire failed to exercise reasonable care.

Ms. Green and Brookshire both cite *Myles v. Brookshire*, 29,100 (La. App. 2 Cir. 1/22/97), 687 So. 2d 668. In *Myles*, a store patron slipped on a water spill located near a support pole between checkout registers. The spill had been left on the ground for around 15 minutes before being cleaned. During those 15 minutes, the store employees placed a wet floor sign on the outside edge of the wet area, which was about one foot from the pole and

7

across from the bread aisle. This Court found that the defendant was liable for damages to the plaintiff because the warning cone was not observable. This Court reasoned that the pole and display racks obscured the plaintiff's view of the sign. We find the conditions in *Myles* to be similar to the case before us.

In this case, we have the benefit of a video of the entire incident. We have carefully reviewed the video and affidavit of the Brookshire's manager. The video shows that a Brookshire's employee placed a warning cone near two pallets. As Ms. Green was walking through the store aisle, it is arguable that she was looking up at products at the end of the aisle. Further, it is arguable that the cone's visibility could have been obstructed by the pallets. The other warning cone was placed several aisles away from the initial spill site. Given the distance between the cones and the placement of the single cone near the initial spill site, there is a genuine issue of material fact as to whether these cones were sufficient to properly warn the store patrons of the spill. Furthermore, it is arguable that the store employee failed to properly warn Ms. Green of the wet floor. There is a genuine issue as to whether Brookshire exercised reasonable care.

Brookshire also cites *Rowell v. Hollywood Casino Shreveport*, 43,306 (La. App. 2 Cir. 9/24/08), 996 So. 2d 476. In *Rowell*, the plaintiff slipped and fell in the women's bathroom on the Hollywood Casino gaming level. The plaintiff testified that the first two stalls were occupied and the third stall door had a wet floor sign in the stall behind a closed stall door. According to the plaintiff, she did not notice the wet floor until after she fell. There, the court held that the plaintiff failed to show a genuine issue of material fact. This Court reasoned that there was no genuine issue of

8

material fact because the plaintiff acknowledged that she saw the warning cone. Brookshire argues that *Rowell* indicates that a warning cone is an exercise of reasonable care. However, *Rowell* is distinguishable from the case before this Court. In *Rowell*, the plaintiff admitted that she saw the warning cone. Here, Ms. Green has stated that she did not see the warning cone. Thus, there is a genuine issue of material fact in this case that did not exist in *Rowell*.

The video evidence provided by the parties indicates that the warning cone placed by Brookshire may have been obscured by two pallets. Ms. Green may not have seen the warning cone and the Brookshire's employee may not have warned Ms. Green of the spill. The trial court discounted Ms. Green's testimony in her affidavit even though it could arguably be corroborated by the video evidence. After viewing the video evidence and reading the affidavits, and pursuant to our de novo review, we find that reasonable persons could disagree as to whether Brookshire exercised reasonable care responding to the spill. As such, we agree with Ms. Green that summary judgment was improperly granted in favor of Brookshire and that genuine issues of material fact exist.

Ms. Green also argued that the trial court improperly denied her motion for summary judgment. As stated above, we have found that genuine issues of material fact exist. As such, the granting of Ms. Green's motion for summary judgment would be improper.

## CONCLUSION

For the foregoing reasons, we respectfully reverse the judgment of the district court granting summary judgment in favor of Brookshire Food

9

Company.  We remand the case to the district court for further proceedings.

Costs of this appeal are assessed to the appellee, Brookshire.

**REVERSED AND REMANDED.**