1SAUNDERS, Judge.
Defendant, Wal-Mart Stores, Inc., appeals the trial court judgment in favor of plaintiff, awarding damages due to injuries caused by plaintiff’s slip and fall accident inside defendant’s store. For the following reasons, we affirm.

FACTS

On September 15, 1994, plaintiff, Henry Kennedy, was shopping in a Wal-Mart Store located in Natchitoches, Louisiana. While he was proceeding to the checkout counter with the item he intended to purchase, he slipped and fell onto his right shoulder approximately three or four feet from the checkout lane. At that time, Mr. Kennedy noticed that his pant leg was wet with a clear, non-sticky substance, which Lhe believed to be water. Mr. Kennedy testified at trial that prior to the accident, he did not see any water on the floor in the area where he fell. Apparently, the spill was within the sight of the employee working the cash register and was also in the general vicinity of the customer service podium. As a result of the fall, Mr. Kennedy suffered injuries to his shoulder which eventually led to rotator cuff surgery.
On September 13, 1995, Mr. Kennedy filed suit against Wal-Mart Stores, Inc., (Wal-Mart) and a bench trial was held on November 3, 1997. At the close of evidence, the trial judge rendered a written opinion in favor of plaintiff, awarding $23,000.00 in general damages plus documented medical expenses. From this holding, Wal-Mart alleges that the trial court erred in finding that the plaintiff met his burden of proof under La.R.S. 9:2800.6.

LAW AND ARGUMENT

In determining the liability of a merchant for injuries sustained on its premises due to a slip and fall, we look to La.R.S. 9:2800.6. At *595 the time of the accident in question, L'a.R.S. 9:2800.6, in pertinent part, provided:
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on the merchant’s premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, that:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable;
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and
(3) The merchant failed to exercise reasonable care.
|3C. Definitions:
(1) “Constructive notice” means the condition existed for such a period of time that it would have been discovered if the merchant failed to exercise reasonable care.
In evaluating the conclusions reached by the trial court, we must employ the manifest error standard of review. “A trial court’s finding of liability for damages caused by a slip and fall accident at the defendant’s place of business, as well as the presence of comparative fault, are factual determinations that will not be disturbed absent manifest error or unless clearly wrong.” Barton v. Wal-Mart Stores, Inc., 97-801 (La. App. 3 Cir. 12/10/97); 704 So.2d 361, 364, citing Myles v. Brookshires Grocery Co., 29,100 (La.App. 2 Cir. 1/22/97); 687 So.2d 668. We further note that the issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Defendant herein complains that Mr. Kennedy failed to prove the existence of a hazardous condition by a preponderance of the evidence, and further, that Mr. Kennedy did not prove that Wal-Mart had actual or constructive notice.'

Hazardous Condition

In a slip and fall action, a hazardous condition “is shown to exist when the fall results from a foreign substance on the floor or from an otherwise unreasonably slippery condition.” Stevens v. Winn-Dixie of Louisiana, 95-0435 (La.App. 1 Cir. 11/9/95); 664 So.2d 1207, 1211, citing Stockwell v. Great Atl. & Pac. Tea Co., 583 So.2d 1186, 1188 (La.App. 1 Cir.1991).
Wal-Mart contends that since Mr. Kennedy testified that he did not see anything on the floor either before or after he had fallen, there was no evidence suggesting that a foreign substance on the floor caused Mr. Kennedy to fall. _yHowever, defendant does not contest the existence of the wetness on Mr. Kennedy’s pant’s leg immediately following his fall, nor does Wal-Mart contest the fact that Mr. Kennedy did fall down on its premises, thereby suffering injuries. Additionally, Wal-Mart fails to offer any alternative theories as to possible causes of the fall or how the liquid ended up on plaintiffs pant leg. Furthermore, we take notice of Wal-Mart’s accident report, entitled “Report of Customer Incident,” which, according to their comments on how the incident occurred, the. reporting manager writes, “[tjhere was a puddle of water and he apparently slipped.” We find the . evidence before us is certainly sufficient to establish by a preponderance that there existed a hazardous condition which caused Mr. Kennedy to fall.

Actual or Constructive Notice

Next, defendant alleges that the trial court chose to disregard the recent Supreme Court ruling in White v. Wal-Mart Stores, Inc., 97-393 (La.9/9/97); 699 So.2d 1081 in finding that Wal-Mart had actual or constructive notice of the hazardous condition. In White, the court emphasized that a claim *596 ant under La.R.S. 9:2800.6 must prove each of the enumerated requirements of Section “B,” and regarding constructive notice, the definition of which is “clear and unambiguous,” the court states:
There is a temporal element included: “such a period of time ...” The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of .the existence of the condition prior to the fall. Notwithstanding that such would require proving a negative, the statute simply does not provide for a shifting of the burden.
Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant | Bwho simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.
Id. at 1084-85 (footnote omitted).
In overruling its own decision in the case of Welch v. Winn-Dixie Louisiana, Inc., 94-2331 (La.5/22/95); 655 So.2d 309, the White court found that there was no showing of the required temporal element. In Welch, the court had concluded that a claimant had carried her burden of proving constructive notice by showing the absence of documented inspection procedures. The White court explains that this “effectively shifted the burden to the defendant merchant to prove that it acted reasonably. Welch, 655 So.2d. at 319 (Kimball, J., dissenting).” White, 699 So.2d at 1085.
Given the facts and circumstances of this case, we find that the analysis set forth in White will not lead to a different conclusion than that found by the. trial court. As that court notes, the definition of constructive notice, under La.R.S. 9:2800.6 is clear and unambiguous. The temporal element required is simply such a period of time that it would have been discovered if the merchant had exercised reasonable care. In the case before us, it was raining on the date of the accident, the cashier was very close to the accident area, and the customer service manager was in the general area where Mr. Kennedy had fallen. This uncontested evidence satisfies this court by establishing that the hazardous condition remained on the floor for a sufficient period of time to establish constructive notice under La.R.S. 9:2800.6(0(1).

CONCLUSION

- In light of the foregoing, the holding of the trial court is affirmed. All costs of this appeal are assessed to defendant, Wal-Mart Stores, Inc.
16 AFFIRMED.