| THIBODEAUX, Judge.
Wal-Mart appeals from a judgment against it in this slip and fall case wherein the plaintiff was awarded $3,942.00 for her injuries. We affirm the trial court in all respects. We find that (1) the trial court properly refused to grant Wal-Mart’s motion for an involuntary dismissal; (2) the *588 trial court did not commit manifest error or error of law in its application of La.R.S. 9:2800.6; (3) it was not clearly wrong to find that Wal-Mart had constructive notice of the substance in thej^aisle; (4) the plaintiff was not at fault for her accident; (5) it was not error to exclude considerations of comparative fault of an unknown third party patron.
I.

ISSUES

We must decide:
1) whether the denial of Wal-Mart’s Motion for Involuntary Dismissal pursuant to La. Code Civ.P. art 1672(B) was proper;
2) whether Wal-Mart had actual or constructive notice of the condition and failed to timely clean the substance;
3) whether the trial court erred and applied the 1990 version of La.R.S. 9:2800.6 instead of the 1996 version of the statute for this 1997 accident;
4) whether Ms. Zagar should have been assessed with a percentage of comparative fault in causing the accident; and,
5) whether the trial court committed manifest error in failing to find or consider the fault of an unknown third party patron.
II.

FACTS

This suit arises from a slip and fall accident wherein the plaintiff slipped on a pink substance, subsequently determined to be hair conditioner, in an aisle of Wal-Mart in Opelousas, Louisiana on May 31, 1997. The plaintiff sustained injuries to her chest, hip, arm, and ankle, and sued Wal-Mart Stores, Inc. for her medical bills and general damages.
The trial court found that the substance was spread over a significant portion of the aisle, indicating that it had been there for some time. He found that under La. R.S. 9:2800.6(B) regarding a merchant’s liability for the safety of the |3patrons he invites to his premises: (1) the substance constituted a hazardous condition; (2) Wal-Mart had actual or constructive notice of the condition; and (3) Wal-Mart failed to exercise reasonable care to timely clean the substance, which resulted in the plaintiffs injuries. The trial court awarded the plaintiff medical expenses in the amount of $442.00 and general damages for pain and suffering in the amount of $3,500.00. We affirm for the reasons set forth below.
III.

LAW AND DISCUSSION

Standard of Review
An appellate court may not set aside a trial court’s findings of fact in absence of manifest error or unless it is clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). A two tiered test must be applied in order to reverse the findings of the trial court:
1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and
2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).
Mart v. Hill, 505 So.2d 1120 (La.1987).
Even where the appellate court believes its inferences are more reasonable than the fact finders, reasonable determinations and inferences of fact should not be disturbed on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Additionally, a reviewing court must keep in mind that if a trial court’s findings are reasonable based upon the entire record and evidence, an appellate court may not reverse said findings even if it is convinced that had it been sitting as trier of fact it would have weighed that evidence differ *589 ently. Housley v. Cerise, 579 So.2d 973 (La.1991). The basis for this principle of review is grounded not only upon the better capacity of the trial court to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts.
Wal-Mart’s Motion for Involuntary Dismissal
Wal-Mart contends that its motion for an involuntary dismissal pursuant to La. Civ.Code art. 1672(B) should have been granted when requested at the end of the plaintiff’s case in chief. It argues that dismissal was required because the plaintiff failed to prove by a preponderance of the evidence that the pink substance was in the aisle long enough to have been discovered by Wal-Mart. Wal-Mart further argues that photographs of the spill were relied upon by the court in finding for the plaintiff, and that those photographs were actually put into evidence by Wal-Mart after the plaintiff had concluded her case in chief.
However, the record reveals that Ms. Zagar gave testimony in her case in chief which described the spill exactly as it appeared in the subsequently introduced photographs, which the court later stated had “substantiated” the evidence. Ms. Za-gar described the spill as a “stream” of pink substance running down the aisle for a couple of feet, in such an amount that she “was full of it” when she fell. Her testimony illustrated that the spill constituted an accumulation of liquid in a large amount sufficient to get on her clothing, her shoes, and her purse. Ms. Zagar called the Wal-Mart support manager, Madelon Fontenot, as a witness, and Ms. Fontenot confirmed the existence of the spill, and stated that it extended for approximately eighteen inches.
During the plaintiffs case in chief, the court questioned Ms. Fontenot and determined the large size of the store, the heavy traffic, and the numerous duties such as bathroom cleaning and trash hauling tasks required of the maintenance men ^assigned to do the safety sweeps. The court also obtained from Ms. Fontenot the exact location of the spill at the base of the shelving, rather than out in the middle of the aisle. The court heard the testimony in the plaintiffs case in chief and made factual determinations supported by the record. Later, in his reasons for judgment, he stated that he did not find the testimony credible regarding safety sweeps' every thirty minutes. When the trial court’s findings are based upon determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact’s findings; where the fact finder’s finding is based upon credibility determinations, that finding can virtually never be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989). The record indicates that the court’s denial of Wal-Mart’s motion for dismissal was not clearly wrong.
La.R.S. 9:2800.6 and Constructive Notice
Wal-Mart contends that the trial court erred in applying the 1990 version of La. R.S. 9:2800.6 and in not citing the 1996 amendments to La.R.S. 9:2800.6, which govern this 1997 accident. More specifically, the 1996 version of La.R.S. 9:2800.6 is shown below in pertinent part with the amending language italicized.
§ 2800.6. Burden of proof in claims against merchants
A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
B. In a negligence claim brought against a merchant by a person lawfully on the merchant’s premises for damages as a result of an injury, death, or loss *590 sustained because of a fall due to a condition existing in or on a merchant’s premises, the |ficlaimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
C. Definitions:
(1) “Constructive notice” means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.
(2) “Merchant” means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.
Wal-Mart argues that it was error not to quote the statute’s amendatory language which clarifies that the (1) presence of an employee in the vicinity of the spilled substance does not alone constitute constructive notice on the part of the store, and that the (2) absence of a written or verbal uniform cleanup procedure is insufficient alone to show a lack of reasonable care. However, neither of these amendments is at issue in this case, and neither party asserts that they are. The plaintiff did not hinge her case upon an absence of a clean-up procedure as in B(3). In fact, the record reflects that there was a cleanup procedure in place. The plaintiff |7does not assert that an employee was in the vicinity of the accident site as in C(l). In fact, Ms. Zagar stated that she did not see an employee in the vicinity of the accident site. Therefore, Wal-Mart’s assertions that the trial court faded to quote this amendatory language when stating the elements to be proved are of no moment.
Wal-Mart further contends that the trial court erred in citing language from Kennedy v. Wal-Mart Stores, Inc., 98-270 (La. App. 3 Cir. 6/17/98); 715 So.2d 593, subsequently reversed on the facts at 98-1939 (La.4/13/99); 733 So.2d 1188, because it involved a 1994 pre-amendment accident. Wal-Mart urges that the trial court should have instead followed White v. Wal-Mart Stores, Inc., 97-0393 (La.9/9/97); 699 So.2d 1081. However, we note that White also involved a 1994 accident, and that both courts applied the 1990 version of La.R.S. 9:2800.6. In his reasons for judgment the trial court cited Kennedy for the proposition that the plaintiffs burden is to show that (1) the condition presents an unreasonable risk of harm that is reasonably foreseeable; that (2) the merchant created or had prior actual or constructive notice of the condition; and that (3) the merchant failed to exercise reasonable care to timely clean the substance. These are the essential elements of the statute, and it was not error to cite them without the amendatory language, which as stated presents issues that are not applicable in this case.
We find that the trial court did not fail to follow the law in White, which, although *591 based upon a pre-amendment accident, focuses upon the burden of the claimant to prove constructive notice, as emphasized in the amendatory language of the statute: “ ‘Constructive notice’ means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care.” La.R.S. 9:2800.6(C)(1). The significance of White is that it reversed the appellate court for erroneously placing [¿the burden on the defendant to show a lack of constructive notice rather than requiring the plaintiff to prove constructive notice, and it focuses upon the “temporal” element of constructive notice. In White, our supreme court stated in pertinent part:
The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall ... the statute simply does not provide for a shifting of the burden.
Though there is no bright line time period, a claimant must show that “the condition existed for such a period of time.... ” Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall....
White, 699 So.2d at 1084 and-1085 (emphasis added) (citation omitted).
Wal-Mart argues that, under White, Ms. Zagar did not present evidence that (1) the substance had been on the floor long enough (the temporal element) to indicate “constructive notice” or that there was a(2) “lack of reasonable care” on the part of Wal-Mart, which it urges are two separate elements to be proved. However, the record indicates otherwise and supports the trial court’s findings. Ms. Zagar and Wal-Mart’s employee testified that the substance on the floor was pink and was so thick that the Wal-Mart employees poured cola on the spill so that the cola’s acid could eat through the substance and more easily clean it off of the floor and off of Ms. Zagar’s shoes.
IflThe trial court articulated that this thick hair conditioner, unlike cola or water, does not spread freely or quickly. He found that the foreign substance had “spread dramatically several feet across the aisle” which indicated to him that it had been there long enough for Wal-Mart to have known about it. This is a factual finding reasonably supported by the record and is not clearly wrong. Furthermore, it is supported by common sense. The statute does not require proof that the spill has been on the floor for a certain number of hours or minutes, and this was pointed out in the White case upon which Wal-Mart relies. In White, where the supreme court wanted more proof of constructive notice than that provided, the liquid was a clear liquid spilled in the snacks aisle. The court stated that it needed supporting evidence that an employee stationed fifteen feet away, as asserted, “could have noticed the spill” of a “clear liquid” that the plaintiff herself had failed to see. White, 699 So.2d at 1085 and 1086. Such are not the facts and the evidence provided herein, and accordingly White is distinguishable upon the facts.
The trial court in this case had sufficient evidence that the thick pink substance in the hair products aisle was on the floor long enough to satisfy the temporal element in this case. As to reasonable care, the trial court determined that the store was not a smaller “home town” store but was a larger “Wal-Mart” store, and *592 that the two special maintenance personnel hired to do the safety sweeps were also expected to clean the bathrooms and haul away trash. He made a credibility determination and made it clear that he simply did not believe that the sweeps were done every thirty minutes as claimed. The trial court’s determination that Wal-Mart was negligent and did not use reasonable care is not clearly wrong. Moreover, the trial court’s citing to Kennedy before it was reversed on the facts, which are also distinguishable, is of no moment. There, the substance on the floor was water on |ina rainy day, and it was found that not enough evidence was presented to show constructive notice. Wal-Mart’s second assignment of error regarding constructive notice and the proper application of La. R.S. 9:2800.6, as well as its arguments regarding a failure to determine a lack of reasonable care are without merit.
Comparative Fault of the Plaintiff
Wal-Mart contends that the plaintiff contributed to her own accident, and that the trial court should have assigned her the highest percentage, if not one hundred percent, of the fault for her own injuries. Wal-Mart argues that Ms. Zagar fell because she was not looking at the floor and that her failure to look at the floor constituted a failure to use reasonable care on her own behalf. We disagree. A patron in a self-service store reasonably assumes that the aisles are clear for passage and focuses on the displayed merchandise, not the pathway in front of her. Perez v. Wal-Mart Stores, Inc., 608 So.2d 1006, 1008 (La.1992). The duty to keep a proper lookout is diminished when shelved merchandise distracts a shopper. Id.; See also Broussard v. Wal-Mart Stores, Inc., 98-813 (La.App. 3 Cir. 1/20/99); 741 So.2d 65, writ denied, 99-0486 (La.4/1/99); 742 So.2d 562; Crooks v. National Union Fire Ins. Co., 620 So.2d 421 (La.App. 3 Cir.), writs denied, 629 So.2d 391 and 392 (La. 1993).
The Louisiana Supreme Court in Perez, 608 So.2d 1006, reversed the appellate court for substituting its judgment for that of the trier of fact on the issue of the plaintiffs comparative fault. Similarly, the record in the present case indicates that Betty Zagar, as a normal shopper, was viewing the merchandise, looking for hair spray in particular, not viewing the floor, and that the slippery pink substance presented an unreasonable and "nanticipated risk of injury. In fact, Ms. Zagar testified that “There was plenty of everything. I was looking hard to find the |T1hair spray.” The trier of fact did not commit clear error in failing to assess fault to Ms. Zagar. Moreover, Wal-Mart’s assertion that the trial court did not consider Ms. Zagar’s comparative fault does not give merit to its argument. While the trial court did not specifically state in its reasons for judgment that she had “no comparative fault,” the record is clear that the court found Ms. Zagar to be a normal shopper looking at the shelves for her hair spray, and that Wal-Mart was the negligent party responsible for the spill. The court stated that there was no question as to the facts. Under Clement v. Frye, 95-1119, 95-1163 (La. 1/16/96); 666 So.2d 607, which requires deference to the trial court’s allocation of fault, we must affirm.
Comparative Fault of Unknown Third Persons
Finally, Wal-Mart contends that circumstantial evidence indicates that the spill was caused by an unknown third person, and that the trial court should have considered the fault of the unknown patron as well. However, no evidence was adduced to implicate a third person. The bottle of conditioner may have been improperly shelved too close to the edge of its original shelf. A bottle of conditioner was depicted on the bottom shelf above the spill in an otherwise empty space. This could have been the result of Wal-Mart’s moving or re-stocking merchandise. There simply is no evidence of who spilled the conditioner. Wal-Mart failed to present any evidence to *593 establish that a third party patron caused the spill. See Broussard, 98-813; 741 So.2d 65. Wal-Mart’s fourth and final assignment of error is without merit.
iiafV-

CONCLUSION

Based upon the foregoing reasons, we affirm the judgment of the trial court against the defendant for one hundred percent of Ms. Zagar’s damages in the amount of $3,942.00 and assess all costs of this appeal to Wal-Mart.
AFFIRMED.