NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-1693


TRACIE BERNARD

VERSUS

FAMILY DOLLAR STORES OF LOUISIANA, INC.


**********


APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 2003-5615-A
HONORABLE MARK A. JEANSONNE, DISTRICT JUDGE


**********


J. DAVID PAINTER
JUDGE


**********


Court composed of Michael G. Sullivan, Billy Howard Ezell, and J. David Painter, Judges.


AFFIRMED.

David I. Bordelon
3850 N Causeway Blvd, Ste 1280
Metairie, LA 70002
Counsel for Defendant-Appellant:
        Family Dollar Stores of Louisiana, Inc.

Cory Paul Roy
P. O. Box 27066
Marksville, LA 71351
Counsel for Plaintiff-Appellee:
        Tracie Bernard

PAINTER, Judge.

The Plaintiff, Tracie Bernard, brought this suit against Family Dollar Stores of Louisiana, Inc. (Family Dollar) for injuries incurred when she slipped and fell in lotion spilled on the floor of Family Dollar's Marksville, Louisiana store. After a bench trial, the court ruled in favor of Ms. Bernard, finding Family Dollar 100% at fault and awarding damages as follows:

Past Pain and Suffering - $28,000.00
Future Pain and Suffering - $6,000.00
Past Medical Bills -$1021.00
Future Medical Bills - $1,021.00
Lost Wages - $3,500.00

Family Dollar appeals the trial court's judgment finding it 100% at fault and the award of past pain and suffering. We affirm.

FACTS

Near noon on May 29, 2003, Ms. Bernard, who was five months pregnant at the time, stopped at the Family Dollar store in Marksville on her way to a doctor's appointment. At trial, she testified that soon after entering the store, she noticed a bottle of lotion which had spilled near the center of an aisle. It was her testimony that she came back up the aisle and, after a failed attempt, got the attention of the cashier, who was checking out a customer, and told her about the spill. She stated that she saw the cashier nod and assumed that she had been understood. Ms Bernard testified that she shopped at least another fifteen minutes in other parts of the store and then went back down the aisle where she had seen the spill to get a toothbrush. As she went down the aisle, she slipped in the spilled lotion and fell. She testified that a store employee had her fill out an incident report. The report shows that it was filled out at 12:15 p.m.

The two employees working as cashiers that day denied having been informed by anyone of the existence of the spill prior to Ms. Bernard's fall. Sandy Guidry testified that, only about five to ten minutes before the accident, she had walked down the aisle in question and saw no spill. She stated that, about five to ten minutes after she walked up that aisle and took Kim Lachney's place at the register, another customer came and told her that someone had fallen. Under cross-examination, she admitted that she could not be sure of the time interval between her taking a position at the register and finding out about the fall. She testified that she saw the puddle after Ms. Bernard fell but that it did not appear to be disturbed and that Ms. Bernard's shoes did not appear to have anything on them. Kathy Mafouz, store manager on the date of the accident, was called from the warehouse after Ms. Bernard fell. She too testified that the puddle of lotion did not appear to be disturbed and that she could not remember seeing anything on the bottom of Ms. Bernard's shoes. Kim Lachney, who was also working at Family Dollar on the date of the accident, also testified that no one told her about a spill prior to her being relieved at the cash register at around noon. All three testified that the store is inspected three times a day. They affirmed that it is company policy to inspect the stores at 10:00 a.m., 2:00 p.m., and 6:00 p.m. However, upon cross-examination, it became clear that, in spite of log book entries, the inspections are not always conducted at the recorded times if the store is busy.

Mrs. Bernard fell on her left hip and hit her face on a shelf, loosening two teeth. Upon returning home, she discovered vaginal bleeding.

Dr. Bryan McCann, a family practitioner, testified that he treated Ms. Bernard's injuries, beginning on the day of the accident. She reported left shoulder, arm, hip, lower back, and pubic area pain. She also reported vaginal bleeding which she found

2

particularly troubling in light of her pregnancy. Ms. Bernard refused X-rays because of her pregnancy. On that day, Dr. McCann diagnosed muscle and ligament strain to the neck, left shoulder and upper back, and possibly uterine contractions. Dr. McCann continued to treat Ms. Bernard. After the delivery of her baby, he gave her cortisone injections, pain medication, and anti-depressants. Through her last visit prior to trial, she continued to complain of neck and back pain with some headaches becoming less frequent with time. Her hip and pubic pain subsided with delivery of the baby. While he stated that her complaints had continued past the normal time for resolution of such injuries, Dr. McCann still considered that she had soft tissue injuries, which were being aggravated by her normal activities. He noted that some people heal slower than others. He opined that she was not malingering, exaggerating, or lying about her complaints. He was confident that Ms. Bernard was not continuing treatment to obtain access to prescription pain medications. He opined that the injuries were, more probably than not, caused by her slip and fall on May 29, 2003.

DISCUSSION

On appeal, Family Dollar challenges the trial court's finding of liability, its failure to allocate fault to Ms. Bernard, and the quantum of damages.

We first note the applicable standard of review:

> An appellate court may not set aside a trial court's findings of fact in absence of manifest error or unless it is clearly wrong. *Stobart v. State, Through DOTD,* 617 So.2d 880 (La.1993); *Rosell v. ESCO,* 549 So.2d 840 (La.1989). A two tiered test must be applied in order to reverse the findings of the trial court:

> 1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and

2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous).

*Mart v. Hill,* 505 So.2d 1120 (La.1987).

Even where the appellate court believes its inferences are more reasonable than the fact finders['], reasonable determinations and inferences of fact should not be disturbed on appeal. *Arceneaux v. Domingue,* 365 So.2d 1330 (La.1978). Additionally, a reviewing court must keep in mind that if a trial court's findings are reasonable based upon the entire record and evidence, an appellate court may not reverse said findings even if it is convinced that had it been sitting as trier of fact it would have weighed that evidence differently. *Housley v. Cerise,* 579 So.2d 973 (La.1991). The basis for this principle of review is grounded not only upon the better capacity of the trial court to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts.

*Zagar v. Wal-Mart Stores, Inc.*, 99-362, pp.3-4 (La.App. 3 Cir. 6/2/99),747 So.2d 586, 588-89, *writ denied*, 99-1774 (La. 9/3/99), 747 So.2d 548.

Family Dollar asserts that Ms. Bernard failed to prove that the spill presented an unreasonable risk of harm or that Family Dollar failed to exercise reasonable care. Alternatively, Family Dollar asserts that Ms. Bernard should have been cast with some degree of fault in the accident.

La.R.S. 9:2800.6 sets out the elements which a plaintiff must prove in order to establish merchant liability.

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

4

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.

This court in *Dotson v. Brookshire Grocery Co.*, 04-83, pp. 2-3 (La.App. 3 Cir. 5/12/04), 872 So.2d 1283, 1285-86 (citations omitted), *quoting Jones v. Brookshire Grocery Co.*, 37,117, pp. 8-9(La.App. 2 Cir. 5/14/03), 847 So.2d 43, 49-50, explained the burden of reasonable care:

> Merchants are required to exercise reasonable care to protect those who enter the store, keep the premises safe from unreasonable risks of harm and warn persons of known dangers. Although the owner of a commercial establishment has an affirmative duty to keep the premises in a safe condition, he is not the insurer of the safety of his patrons. A store owner is not liable every time an accident happens.

The merchant's duty of care requires that reasonable protective measures, including periodic inspections, are undertaken to ensure that the premises are kept free from substances or conditions that might cause a customer to fall. Whether measures taken are reasonable must be determined in light of the circumstances of each case. As noted by the court in *Stockwell v. Great Atlantic & Pacific Tea Co.,* 583 So.2d 1186 (La.App. 1st Cir.1991) (citations omitted), the degree of vigilance must be commensurate with the risk involved, as determined by the overall volume of business, the time of day, the section of the store and other relevant considerations.

*See also Barton v. Wal-Mart Stores, Inc.*, 97-801 (La.App. 3 Cir. 12/10/97), 704 So.2d 361.

This court has held that: "In a slip and fall case, a hazard is established when the fall results from a foreign substance on a floor or an unreasonably slippery condition." *Burnett v. M & E Food Mart, Inc. No. 2*, 00-350, p. 3 (La.App. 3 Cir. 11/15/00), 772 So.2d 393, 396, *writ denied*, 00-3425 (La. 2/16/01), 786 So.2d 101. The plaintiff must show that the hazardous condition existed prior to the fall. Further, the plaintiff has the burden of showing either that the merchant was aware of the condition, i.e, actual notice, or that the condition was present for a long enough period of time to allow the merchant to have discovered it, i.e., constructive notice. "[W]hether a condition existed for a sufficient period of time that a merchant should have discovered the condition is a fact question; however, there remains the prerequisite showing of some time period." *Dotson,* 872 So.2d at 1286, *quoting Jones*, 847 So.2d at 49. Additionally, the plaintiff must show that the merchant failed to exercise reasonable care.

In this case, Ms. Barton testified that she saw the spill and reported it to a store employee. If her testimony is accepted, as it was by the trial court, the spill was on the floor for at least fifteen minutes before she fell and the merchant was aware of it

for that period of time, since she stated that after notifying the cashier, she shopped for at least fifteen minutes before returning to the aisle where the spill was located. Although store employees testified that they were not told of the spill and that the spill was not present shortly before the fall, the trial court found credible the testimony of Ms. Bernard. In oral reasons for judgment, the court stated:

> I do find her to be credible. I believe her testimony here today. I could not find a hint of doubt or of uncertainty or any type of scheme from her. She appeared to be credible to the court in all aspects of her testimony.

It is not the role of this court to overturn the reasonable credibility evaluations of the trial court. Given its acceptance of Ms. Bernard's testimony, the court had a basis for finding both that the store had actual notice and that it did not exercise reasonable care by failing to clean it up within the fifteen minutes before Ms. Bernard fell. Even had the trial court concluded that Ms Bernard's efforts to inform the cashier of the spill had been unsuccessful, the evidence supports a conclusion that the spill was present for a sufficient amount of time to give the store constructive notice and that the failure to discover it was failure to exercise reasonable care. The trial court's determinations that the spill constituted an unreasonably dangerous condition and that the store employees had notice of the existence of the condition and had time to correct it prior to Ms. Bernard's fall are reasonable based on the record before this court. Finding no manifest error, we will not disturb those determinations.

Family Dollar also asserts that the trial court erred in failing to find that Ms. Bernard was comparatively at fault because she was aware of the spill and did not act to avoid it. "Allocation of fault is a factual determination subject to the manifest error rule." *Ganucheau v. Winn Dixie LA., Inc.*, 99-432, p. 8 (La.App. 5 Cir. 11/10/99), 746 So.2d 812, 816, *writ denied*, 99-3641 (La. 2/18/00), 754 So.2d 972.

In this case, Ms. Bernard testified that she returned to the aisle where she had seen the spill only after notifying the store personnel and shopping for approximately fifteen minutes. As has been stated, the trial court accepted that testimony. The trial court explained that:

> [S]he testified that she did indicate to someone . . . mentioned or told to someone and that person nodded and we could examine for days whether or not the plaintiff then was reasonable [in] relying on that nod to believe that the store owner understood its responsibility, understood the danger recognized and whether or not the plaintiff was reasonable in assuming that the merchant would take measures immediately to correct the defect. And I think she was reasonable [in] so relying and I would believe it would be common place to do that if anyone walked into a store that usually if they saw something or hopefully they would tell the merchant and then they would go on about their business. . . . A person will tend to do their shopping and not necessarily come back worrying about whether the defect is still on the premises or in the aisle or not. . . . I cannot fault the plaintiff in any way and if the merchant didn't immediately have the area corded off and/or cleaned then the merchant did fail to exercise that reasonable care.

Given the evidence of record, this determination is reasonable. Therefore, we find not error in trial court's failure to allocate fault to Ms. Bernard.

Family Dollar further asserts that the trial court erred in awarding $28,000.00 in general damages for a soft tissue injury. "[T]he Supreme Court [has] held that the role of the appellate court in reviewing general damages is not to decide what it considers to be the appropriate award, but rather to review the exercise of discretion by the trier of fact." *Treadaway v. Shoney's, Inc.*, 93-1688, p. 8 (La.App. 4 Cir. 2/25/94), 633 So.2d 841, 846, *citing Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994).

The court in *Youn* stated that: "Each case is different, and the adequacy or inadequacy of the award should be determined by the facts or circumstances particular to the case under consideration." *Id.* at 1260. The trial court, in its oral

reasons, thoroughly reviewed the medical testimony noting twenty-eight visits to the treating physician between May 29, 2003 and August 25, 2005, and seventeen injections. The court noted her daily experience of pain, her inability to continue with her normal pursuits and her loss of optimism. It further noted her need for accommodations in her employment. In light of the evidence of the record, the circumstances of the case, and the trial court's evaluation thereof, we find no abuse of discretion in the award of general damages.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed to the Defendant/Appellant, Family Dollar.

AFFIRMED.