|,THIBODEAUX, Judge.
This appeal concerns a suit by plaintiff-appellant, Shelly Guilliams, for damages arising out of Ms. Guilliams exit from a pick-up truck owned by Mr. Thomas H. Harrel III. Mr. Harrel brutally attacked Ms. Guilliams with a hammer at her home on the evening of January 31, 1998. Mr. Harrel, believing Ms. Guilliams to be dead, loaded her body into the back of his truck. Ms. Guilliams regained consciousness and jumped from Mr. Harrel’s moving truck. Upon exiting Mr. Harrel’s truck, Ms. Guil-liams contends she sustained further injuries and thus brought suit against the Succession of Thomas H. Harrel III and USAA Casualty Insurance Company, Mr. Harrel’s automobile liability insurance carrier. USAA filed a motion for summary judgment contending there was no liability coverage within the terms of the policy for the personal injuries allegedly sustained by Ms. Guilliams. The trial court granted USAA’s motion for summary judgment reasoning that the injuries she sustained had nothing to do with the operation of an automobile. Ms. Guilliams appeals the trial court’s judgment.
I.

ISSUE

We must decide whether the trial judge erred in concluding that liability coverage did not exist and granting summary judgment to the defendant-appellee, USAA Casualty Insurance Company.
J¿n.

FACTS

The plaintiff-appellant, Shelly Guilliams, filed suit seeking damages from the succession of Thomas H. Harrel III and his automobile liability insurer, USAA Casualty Insurance Company (hereinafter “USAA”). Ms. Guilliams was a co-worker of the now deceased Mr. Harrel and was employed by the Harrel family at a lumber yard in Natchitoches, Louisiana.
On January 31, 1998, Ms. Guilliams and several co-employees of the Natchitoches Lumber Yard planned a going-away party for Ms. Guilliams because she had announced her intentions to discontinue her employment from the lumber yard and relocate to Baton Rouge.
Mr. Harrel, then an employee of the lumber yard, arrived at Ms. Guilliams’ home sometime during the evening on January 31, 1998, in advance of the other employees. Mr. Harrel professed his love for Ms. Guilliams and informed her that if he could not have her then no one could. He then approached Ms. Guilliams and began striking her repeatedly with a hammer, hitting her in the head several times. He continued to physically attack her with the hammer and finally choked her into a state of unconsciousness. Believing he had killed Ms. Guilliams, Mr. Harrel loaded her presumably lifeless body into the open bed of his pickup truck with the apparent intention of disposing of her body.
However, Ms. Guilliams regained consciousness as Mr. Harrel’s truck was traveling down the roads of Natchitoches Parish. Fearing for her own life, Ms. Guilliams reasoned that her only chance for survival was to jump from the moving truck. Mr. Harrel did not detect her exit from the bed of his truck and she was able to find her way to a nearby residence where she requested assistance and protection. | aWhen Mr. Harrel finally noticed Ms. Guilliams body was no longer in the back of his truck, he returned to his home and committed suicide.
Ms. Guilliams filed suit against the succession of Mr. Thomas H. Harrel III and USAA, as the liability automobile insurer of Mr. Harrel, for the damages she sustained as a result of being loaded into the bed of Mr. Harrel’s truck and for injuries she sustained from exiting the truck.
USAA filed a motion for summary judgment alleging that there is no coverage under the policy for the manner in which Ms. Guilliams sustained her damages and, therefore, there is no genuine issue of *328 material fact. The trial court granted the motion for summary judgment. Ms. Guil-liams appeals that judgment.
III.
LAW AND DISCUSSION Standard of Review
As a general principle, appellate courts review summary judgments de novo, under the same criteria which governs the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Sup’rs of Louisiana State Univ., 591 So.2d 342 (La.1991). A motion for summary judgment “shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ.P. art. 966(B).
The burden of production remains with the mover to show that no material issues of fact exist. La. Code Civ.P. art. 966(C)(2). The mover must present supportive evidence that the motion for summary judgment should be granted. Once | ¿the mover has made a prima facie showing that the motion for summary judgment should be granted, the burden of production shifts to the nonmoving party to present evidence demonstrating the existence of issues of material fact which preclude summary judgment. Hayes v. Autin, 96-287 (La.App. 3 Cir. 12/26/96); 685 So.2d 691, writ denied, 97-0281 (La.3/14/97); 690 So.2d 41.
Whether USAA is Entitled to Summary Judgment
In this case, the initial burden of proving entitlement to summary judgment was with the mover, USAA. Ms. Guilliams contends that the trial court erred in granting summary judgment to USAA, citing the existence of several disputed issues of fact that have not been resolved which deal directly with the issue of insurance coverage. USAA contends that the pleadings, exhibits and memoranda on file do not support the assignment of error but, conversely, support the trial court’s finding that the policy issued by USAA does not provide liability insurance coverage for the damages sought by Ms. Guilliams.
Ms. Guilliams argues that Mr. Harrel’s actions of throwing her into the back of his truck, leaving her unsecured while traveling down the roads of Natchitoches Parish, and her exit from Mr. Harrel’s moving vehicle, are actions invoking coverage under the “arising out of use provision” within the USAA policy issued to Mr. Harrel.
In resolving the “arising out of use provision” this court must initially decide the issue of whether the risk resulting in Ms. Guilliams’ injuries was within a duty imposed on Mr. Harrel. This requires us to answer two principal questions: (1) was the conduct complained of a cause in fact of the harm; and (2) was the alleged tort-feasor under a duty to protect against the particular risk involved. LeBlanc v. State, Department of Highways, 419 So.2d 853 (La.1982); Hill v. Lundin Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962). Phrased another way, does Mr. Harrel have a duty that extends to protect Ms. Guilliams from this harm which occurred in this manner?
An action is the cause in fact of an injury if it is a “substantial factor” in bringing about the harm to the plaintiff. Breithaupt v. Sellers, 390 So.2d 870 (La.1980). A finder of fact could reasonably discern that Mr. Harrel’s conduct of placing Ms. Guilliams body in the open bed of his pick-up truck resulted in further injury to Ms. Guilliams. Mr. Harrel could have left Ms. Guilliams for dead at her home, the site of his brutal attack. The testimony of Detective Christopher Payne, who assisted in the investigation of this accident, corroborates Ms. Guilliams’ testimony that she received further injuries *329 arising out of the use of Mr. Harrel’s pickup truck. Detective Payne stated that it was apparent that some of her injuries were from the attack and some were obviously from jumping out of the truck. Thus, it could be found that Mr. Harrel’s conduct was a cause in fact of the additional injuries sustained by Ms. Guilliams. Therefore, there exists a genuine issue of material fact as to whether Ms. Guilliams sustained injuries separate and apart from those she received when Mr. Harrel physically attacked her.
We are next required to define the duty which may have been breached by Mr. Harrel and to determine whether the risk created was within the scope of the duty. The courts of this state have long held that a motorist must use such diligence and care in the operation of his vehicle as is commensurate with the circumstances. The greater the danger, the greater the degree of care required. Culpepper v. Leonard Truck Lines, Inc., 208 La. 1084, 24 So.2d 148 (1945). Moreover, a host driver has [6a duty to operate his vehicle with reasonable care under the prevailing circumstances for the benefit of guest passengers who might be injured if he fails to do so. Campbell v. Department of Transp. & Dev., 94-1052 (La.1/17/95); 648 So.2d 898; Molbert v. Toepfer, 550 So.2d 183 (La.1989); Smith v. Travelers Ins. Co., 430 So.2d 55 (La.1983).
Mr. Harrel had a duty to keep Ms. Guilliams from additional harm. Mr. Har-rel was using his vehicle while he was transporting Ms. Guilliams’ presumably lifeless body to an unknown destination. His actions put Ms. Guilliams at serious jeopardy of receiving additional injuries. The open bed of a pickup truck is a dangerous place for any human to be a passenger. The Louisiana legislature enacted a law precluding people under the age of twelve from riding in the open bed of pickup trucks. La.R.S. 32:284(C). That duty would analogously also extend to people who are incapable of protecting or taking care of themselves such as Ms. Guilliams was in this case.
The supreme court has held that a host driver has a duty to avoid placing the occupants of his vehicle in a dangerous predicament. Carter v. City Parish Government of East Baton Rouge, 423 So.2d 1080 (La.1982). When Ms. Guilliams regained consciousness in the bed of Mr. Harrel’s moving pickup truck she was faced with the immediate decision of remaining in the truck to face an almost certain death or jump from the truck to save her life. Ms. Guilliams had no choice but to exit the truck. Mr. Harrel had a duty not to place her in the bed of his truck. A factfinder could reasonably anticipate that the scope of Mr. Harrel’s duty to Ms. Guilliams was broad enough to cover the risk that Ms. Guilliams would be further injured by his offending conduct.
17The court must next determine whether that conduct was a “use” of the vehicle. In order for conduct to constitute “use” of an automobile, that conduct must be essential to the defendant’s liability and the specific duty breached by the insured must flow from use of the automobile. Picou v. Ferrara, 412 So.2d 1297 (La.1982); LeJeune v. Allstate Ins. Co., 365 So.2d 471 (La.1978). If the duty breached by the insured flows from the use of the vehicle, then liability exists. If the specific duty breached by the insured exists independently of the automobile, then liability does not arise out of “use” even though the duty could have been performed by use of the automobile. McKenzie and Johnson, Louisiana Civil Law Treatise, Volume 15, Insurance Law and Practice, Section 65 (1986).
In this case, Ms. Guilliams asserts that Mr. Harrel was clearly using his vehicle while he was transporting her to an unknown destination for the apparent purpose of disposing of her body. She contends that, but for that use of the vehicle, she would not have sustained additional injuries when she exited the vehicle. Hav *330 ing concluded that Mr. Harrel owed a duty to Ms. Guilliams not to place her in the open bed of his pickup truck, and a factfin-der could further conclude that, under the circumstances of this case, Mr. Harrel could have foreseen the risk of injury to Ms. Guilliams; it is clear that genuine issues of material fact exist. Accordingly, the trial court erred in granting summary judgment to USAA after concluding that its policy provisions excluded liability coverage.
_hiv.

CONCLUSION

For the reasons set forth above, the trial court’s judgment granting USAA’s motion for summary judgment is reversed. We remand the case to the district court for further proceedings in accordance with the law and the views expressed herein. All costs of the appeal are assessed against the appellee, USAA Casualty Insurance Company.
REVERSED AND REMANDED.