NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-1222

MADELINE GUILLORY

VERSUS

BOYD LOUISIANA RACING, INC.
AND SCOTTSDALE INSURANCE COMPANY

************

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 2003-5898
HONORABLE ROBERT WYATT, DISTRICT JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Oswald A. Decuir, Jimmie C. Peters and Marc T. Amy, Judges.

AFFIRMED.

Erin M. Alley
Roger Burgess
Baggett, McCall, Burgess, Watson & Gaughan
Post Office Drawer 7820
Lake Charles, LA 70606-7820
(337) 478-8888
COUNSEL FOR PLAINTIFF/APPELLEE:
    Madeline Guillory

**James B. Doyle**
**Law Offices of James B. Doyle**
**Post Office Box 5241**
**Lake Charles, LA 70605**
**(337) 474-9989**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Boyd Louisiana Racing, Inc. and Scottsdale Insurance Co.**

PETERS, J.

The plaintiff, Madeline Guillory, brought suit against Boyd Louisiana Racing, Inc. (Boyd Louisiana Racing) and its liability insurer, Scottsdale Insurance Company (Scottsdale Insurance), to recover damages she sustained in an accident which occurred at Delta Downs Racetrack and Casino (Delta Downs), a business establishment owned by Boyd Louisiana Racing. Boyd Louisiana Racing and Scottsdale Insurance appeal the trial court's grant of a motion for partial summary judgment on the issue of liability in favor of Ms. Guillory. For the following reasons, we affirm the trial court's judgment on this issue.

## DISCUSSION OF THE RECORD

Ms. Guillory claims to have sustained physical injuries on December 3, 2003, when she slipped on a wet spot on the floor of the buffet area located in Delta Downs. After issue was joined in the litigation, Ms. Guillory filed a motion for partial summary judgment on the question of liability. In support of her motion, she submitted the deposition of Garland Kane, a customer at Delta Downs who witnessed her accident; her own deposition testimony as well as her affidavit; and the affidavit of William Corley, a friend who accompanied her to Delta Downs on the day of the accident. In opposition to the motion, the defendants submitted a videotape which contained surveillance video of the buffet area at the time of the accident as well as the interviews of Ms. Guillory and Mr. Corley taken immediately after the incident and the affidavit of Donnie West, Delta Downs' security officer on duty at the time of the accident.

This matter is now before us on appeal. In their sole assignment of error, the defendants assert that the trial court's grant of partial summary judgment on the issue of liability "was manifest error and must be reversed."

**OPINION**

Appellate review of a summary judgment is *de novo*, applying the same standard as the trial court. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. Accordingly, we undertake a *de novo* review of the matter at bar.

As a general principle, the summary judgment procedure, as a vehicle by which the "just, speedy, and inexpensive" determination of an action may be achieved, is favored in Louisiana law. La.Code Civ.P. art. 966(A)(2). The trial court is required to render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B).

> A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits.

*Smith*, 639 So.2d at 751 (citations omitted).

In determining whether a fact is material, we must consider the substantive law governing the litigation. *Davenport v. Albertson's, Inc.*, 00-685 (La.App. 3 Cir. 12/6/00), 774 So.2d 340, *writ denied*, 01-73 (La. 3/23/01), 788 So.2d 427. To prevail in a slip-and-fall suit, the plaintiff must satisfy the customary tort elements of duty, breach, causation, and damages, as well as the requirements of La.R.S. 9:2800.6. *Id*. That statute provides in pertinent part:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

"In the context of slip and fall cases, a hazard is shown to exist when the fall results from a foreign substance on the floor or from an otherwise unreasonably slippery condition." *Stockwell v. Great Atlantic & Pacific Tea Co.*, 583 So.2d 1186, 1188 (La.App. 1 Cir. 1991) (citation omitted).

In a summary judgment proceeding, the burden of persuasion remains always with the mover to show that no material issues of fact exist. La.Code Civ.P. art. 966(C)(2). That is to say, the mover must present supportive evidence that the motion for summary judgment should be granted. *Hayes v. Autin*, 96-287 (La.App. 3 Cir. 12/26/96), 685 So.2d 691, *writ denied*, 97-281 (La. 3/14/97), 690 So.2d 41.

In her deposition, Ms. Guillory testified that as she walked off the carpeted area onto the tiled buffet area of the floor, she slipped when encountering "a long strip of

3

something greasy" on the tile. Approximately twenty-five minutes later, and after finishing their meal, she and Mr. Corley went to the Delta Downs office and reported the accident. After she was examined by an emergency medical technician (EMT) at the office, she and Mr. Corley left the facility and immediately went to the emergency room of a local hospital.

Mr. Kane testified that not only did he observe Ms. Guillory slip on a foreign substance on the buffet floor, but he had reported the existence of the substance on the floor to a Delta Downs employee some ten to fifteen minutes before Ms. Guillory's accident. According to Mr. Kane, he and his wife were eating at the buffet area on December 3, 2002, when his wife slipped on the same spot as did Ms. Guillory. Mr. Kane described the spill as a string of gravy or gumbo on the tile floor stretching several feet. Despite his report to the Delta Downs employee, no one came to clean the spill. Instead, approximately five minutes after he reported the spill, an employee brought a yellow cone sign and placed it on the floor, but not in the location of the spill. Five to ten minutes later, Mr. Kane observed Ms. Guillory slip. Mr. Kane testified that after he observed her accident, he approached Ms. Guillory, told her he had seen the accident, and gave her his Vidor, Texas telephone number. Prior to that time, he had never met Ms. Guillory or Mr. Corley.

Through these depositions, Ms. Guillory established the elements needed to prevail in a slip-and-fall suit. The burden then shifted to the defendants "to present evidence demonstrating the existence of issues of material fact which preclude summary judgment." *Guilliams v. Succession of Harrel*, 00-999, p. 4 (La.App. 3 Cir. 12/6/00), 774 So.2d 325, 328, *writ denied*, 01-46 (La. 3/9/01), 786 So.2d 737.

4

In her affidavit, Ms. West asserted that at approximately 6:00 p.m. on December 3, 2002, she was on duty as Delta Downs' security officer and prepared an incident report based on the information provided to her by Ms. Guillory. She further asserted that Ms. Guillory walked into the EMT office without any assistance and was checked out and cleared by the EMT staff. With regard to the accident itself, Ms. West asserted the following in her affidavit:

5.   Mrs. Guillory admitted under audiotape conversation in the EMT room that she did not fall, but only bracing a possible fall [sic], but only wanting [sic] to be checked out to be sure that nothing had been jarred from a previous back surgery.

6.   Mrs. Guillory in fact touched the wet floor sign that was located in the Triple Crown Buffet area while trying to avoid the possibility of falling on the wet floor in the area of the Triple Crown Buffet.

The videotape submitted by the defendants offers four simultaneous views of the buffet area at the time of Ms. Guillory's accident, but is of very poor quality. One can see an employee setting up the yellow "wet floor" cone as indicated by Mr. Kane, but its exact location with regard to the location of the spill cannot be ascertained from the video. Additionally, while the cone was placed somewhere on the tile floor of the buffet area, the video depicts no cleanup efforts on the part of the Delta Downs staff. While the video does depict Ms. Guillory in the area of coverage, the simultaneous views do not establish Ms. Guillory's position in relation to the yellow cone at the relevant times. In the video, Ms. Guillory and Mr. Corley can be seen moving about in the buffet area, but there is no recognizable view of Ms. Guillory slipping.

On appeal, the defendants do not take the position that the foreign substance was not on the floor when Ms. Guillory approached the buffet line. Instead, they

5

argue that there exist genuine issues of material fact based on the different versions of the accident as presented by Ms. Guillory, and that there exist genuine issues of material fact whether Delta Downs had sufficient notice of the hazard and failed to exercise reasonable care.

As pointed out by the defendants, the record does contain differing versions of the mechanics of Ms. Guillory's fall.

1. In her interview with Ms. West on the evening of the accident, Ms. Guillory told Ms. West that she started to slide, but caught herself from falling, twisting her left side. Ms. Guillory specifically stated that she did not fall to the floor.

2 In her original petition filed November 3, 2003, or some eleven months after the accident, Ms. Guillory asserted that "[a]s she stepped from carpet to the bare floor, she slipped on a wet floor and fell to the ground."

3. In her deposition, which was taken on January 7, 2005, Ms. Guillory described her experience as follows:

> [W]hen I stepped on floor, I started to slide. And I don't know - - I don't remember which leg it was, but I started to - - one of my legs slid out in front of me, the other one was under me.
>
> And I tried to brace myself with my - - I went all the way down to the floor, with my right hand - - my right hand, as I can remember, I was trying to brace myself from falling completely on the floor. And my body was all twisted and when I finally stopped from sliding and holding onto the floor, I jumped up real fast.

4. In his deposition, which was taken on June 22, 2007, Mr. Kane testified that he observed Ms. Guillory's feet slip when she stepped in the substance on the floor but that she was able to catch herself and did not fall onto the floor.

5. On December 20, 2006, or over four years after the accident, Ms. Guillory amended her petition to state that "[a]s she stepped from carpet to the bare floor, she slipped on a wet, greasy area on the floor." Thus, with this amendment, she deleted the reference to having fallen to the floor.

6. On January 5. 2007, Ms. Guillory executed her affidavit which provided with regard to the accident that when she slipped, she "attempted to brace with her right hand."

6

7. Mr. Corley's affidavit, which was also executed on January 5, 2007, asserts that he observed the accident and that "[Ms. Guillory] caught herself from falling completely to the ground by putting her right hand on the floor."

We disagree with the defendants that these statements establish genuine issues of material fact as to the issue before us. As pointed out in *Davenport*, 774 So.2d 342, "[m]aterial facts are those that determine the outcome of the legal dispute." While there exist different versions of the mechanics of Ms. Guillory's accident, the discrepancies relate to the mechanics of the accident, not the fact of the accident itself.

The defendants also assert that Ms. West's affidavit and the videotape contradict Mr. Kane's testimony establishing that Delta Downs had actual notice of the hazard, but failed to exercise reasonable care. The only reference in Ms. West's affidavit that might be construed to contradict Mr. Kane's testimony is her comment that Ms. Guillory told her that when she fell, she "in fact touched the wet floor sign that was located in the . . . .buffet area while trying to avoid the possibility of falling on the wet floor." Mr. Kane had testified that the cone was not placed in the area of the spill. We have reviewed the videotape of Ms. Guillory's interview with Ms. West, and find no such statement by Ms. Guillory. In fact, Ms. Guillory stated that there existed one wet floor sign, but that she was "far from the wet floor sign." We conclude that the evidence was sufficient to establish that Delta Downs had actual notice of the hazard but failed to exercise reasonable care. *See Myles v. Brookshires Grocery Co.*, 29,100 (La.App. 2 Cir. 1/22/97), 687 So.2d 668.

The consistent essence of all the evidence presented in support of Ms. Guillory's request for relief establishes that the customary elements of tort are present, that the condition of the buffet floor presented an unreasonable risk of harm

7

to Ms. Guillory, that Delta Downs had actual notice of the condition for at least fifteen minutes before Ms. Guillory's accident, and that Delta Downs failed to exercise reasonable care in eliminating the unreasonable risk of harm. Based on our *de novo* review of the record, we conclude that the defendants did not bear their burden of presenting evidence that demonstrates the existence of issues of material fact which preclude summary judgment.

## DISPOSITION

For the reasons set forth above, we affirm the trial court's grant of a partial summary judgment in favor of the plaintiff, Madeline Guillory, on the issue of liability. We assess all costs of this appeal to the defendants, Boyd Louisiana Racing, Inc. and Scottsdale Insurance Company.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.