STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-154

LINDA G. BONSTELL

VERSUS

BROOKSHIRE GROCERY COMPANY
D/B/A SUPER ONE FOODS

**********

APPEAL FROM THE
PINEVILLE CITY COURT
PARISH OF RAPIDES, NO. 6-0345
HONORABLE J. PHILLIP TERRELL, JR., CITY COURT JUDGE

**********

**MARC T. AMY**
**JUDGE**

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett and J. David Painter, Judges.

**REVERSED AND RENDERED.**

David A. Hughes
Hughes & LaFleur
Post Office Box 1831
Alexandria, LA   71309-1831
(318) 443-4090
COUNSEL FOR DEFENDANT/APPELLANT:
      Brookshire Grocery Company
      d/b/a Super One Foods

Jonathan T. Gaspard
Post Office Box 546
Marksville, LA   71351
(318) 240-7329
COUNSEL FOR PLAINTIFF/APPELLEE:
      Linda G. Bonstell

AMY, Judge.

The plaintiff, a patron of the defendant grocery store, alleges that she tripped on a rug that was placed on the ground to cover a crack on the floor. She sustained injuries to her ribs and left knee; accordingly, she brought suit against the defendant, seeking general and special damages. The trial court ruled in favor of the plaintiff, awarding her $25,000.00 in general damages and $7,828.52 in medical expenses. On appeal, the defendant questions the trial court's finding that a defect in the premises existed and that it was the sole cause of the accident. Further, it contends that the general damage award was "abusively excessive." For the reasons that follow, we reverse and render judgment.

**Factual and Procedural Background**

The plaintiff, Linda G. Bonstell, was a patron of Super One Foods[1], the defendant. According to the plaintiff's testimony, on April 1, 2006, she visited the grocery store to pick up one or two items. She stated that she was walking through the deli area and fell, sustaining injuries to her right ribs and left knee. She testified that she tripped on a rug but did not see the rug until after she had fallen. The testimony of the store manager, Parnell Priester, and the deli manager, Angela Dorsey, revealed that when Super One Foods purchased the store from Winn-Dixie, the floor was cracked in the deli area. Priester testified that while the renovation plans were being approved, duct tape was placed over the crack and a rug was placed on top of the tape. Dorsey stated that a linen company changed the rug once a week. She also stated that the rug needed to be fixed "maybe three times a week[,]" while

---

[1] The record indicates that Super One Foods is owned, managed, maintained, and supervised by Brookshire Grocery Company. For purposes of this opinion, the defendant is referred to as Super One Foods.

Annette Nix, an employee of the defendant, stated in her deposition that the rug would need to be straightened about "once or twice a day."

The plaintiff filed a negligence suit against the defendant. Subsequently, the plaintiff filed a motion for summary judgment on the issue of liability. The trial court denied the partial motion for summary judgment. A bench trial followed. The trial court ruled in favor of the plaintiff, finding that the crack in the floor constituted a defect in the premises and that the defendant was solely at fault. It awarded the plaintiff $25,000.00 in general damages and $7,828.52 for medical expenses. The defendant appeals, asserting that the "trial court erred in concluding that a defect in the premises existed and in concluding that such defect was the sole cause of the accident complained of herein" and that "[t]he trial court's award of $25,000.00 in general damages was abusively excessive."

## Discussion

*Burden of Proof*

The defendant questions the trial court's determination that a defect in the premises caused the accident. In order to be successful in a merchant liability claim, the plaintiff must prove the elements of La.R.S. 9:2800.6. *See Davis v. Wal-Mart Stores, Inc.*, 00-445 (La. 11/28/00), 774 So.2d 84, wherein the supreme court held that La.R.S. 9:2800.6 governs claims brought against merchants.[2]

_____

[2] We note that the plaintiff and the trial court reference a defect in the premises in accordance with the language of La.Civ.Code art. 2317.1. Louisiana Civil Code Article 2317.1 provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

Louisiana Revised Statutes 9:2800.6 provides:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

---

As discussed throughout this opinion, however, La.R.S. 9:2800.6 is the applicable law.

> D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.

The supreme court instructed that the plaintiff must prove all of the elements listed above in order to succeed in her cause of action. *White v. Wal-Mart Stores, Inc.*, 97-393 (La. 9/9/97), 699 So.2d 1081. Further, the supreme court held that "[t]he statute does not allow for the inference of constructive notice absent some showing of the temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall." *Id.* at 1084. This determination of whether the temporal element is sufficient to establish that the merchant had constructive notice of the hazardous condition is a question of fact. *Id.*

This court stated in *Barton v. Wal-Mart Stores, Inc.*, 97-801, pp. 4-5 (La.App. 3 Cir. 12/10/97), 704 So.2d 361, 364, that:

> A trial court's finding of liability for damages caused by a slip and fall accident at the defendant's place of business, as well as the presence of comparative fault, are factual determinations that will not be disturbed absent manifest error or unless clearly wrong. *Myles v. Brookshires Grocery Co.*, 29,100 (La.App. 2 Cir. 1/22/97), 687 So.2d 668.

*Application of the Elements*

In its written reasons, the trial court stated:

> The Court finds that the evidence (most specifically the very candid testimony of the store manager) shows by a preponderance of the evidence that the crack, which the Court finds to be a defect in the premises itself, caused the accident. This is true whether the crack created an uneven surface or the rug, which covered up the crack, caused the fall. Consequently, the Court finds the defendant to be solely at fault in the accident.

Our review of the record reveals a lack of evidentiary support for any of the elements listed in La.R.S. 9:2800.6. Accordingly, the trial court's ruling was manifestly erroneous.

4

The first element contemplates whether a condition presented an unreasonable risk of harm. The record does not contain evidence that any condition imposing an unreasonable risk of harm existed. If the crack in the floor was the relevant "condition," there was a lack of proof that it was displaced or that it, in any way, posed an unreasonable risk of harm. Mr. Priester, the store manager, testified that the duct tape, which was placed on top of the crack, "wasn't uneven." No other testimony or evidence indicated that the crack created an unreasonable risk of harm.

Insofar that the plaintiff may argue that the rug qualified as the "condition", there was no evidence that it was wrinkled or folded as to create an unreasonable risk of harm. While the plaintiff's deposition and trial testimony revealed that she tripped on the rug, we note that she testified that she did not see the rug until after she fell. Further, she did not know if it was disturbed at all prior to her fall or, if it was wrinkled, how long it had been that way. Accordingly, there was no indication that the presence of the rug or the crack posed an unreasonable risk of harm.

The second element that must be analyzed is whether the merchant created the condition that caused the damage or whether the merchant had actual or constructive notice of said condition prior to the occurrence. The plaintiff only proved that there was a crack in the floor and that the merchant placed a rug on top of the crack. Again, there is no indication that its presence, alone, presented an unreasonable risk of harm. Consequently, the plaintiff did not prove that the merchant created a condition that caused harm. From the outset, also, we note that the record does not support a finding that the defendant had actual notice of the rug being a condition which would create harm, as no testimony or evidence was put forth establishing that

the defendant knew that the rug was buckled or wrinkled at the time of the plaintiff's fall.

Louisiana Revised Statutes 9:2800.6 states "'[c]onstructive notice' means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." Concerning the defendant's constructive notice of the rug, the temporal nature of this element was not satisfied insofar as the plaintiff stated that she did not know how the rug wrinkled or how long it had been that way before she fell. Further, the deli manager, Ms. Dorsey, testified that she had straightened the rug one to two minutes prior to the plaintiff's fall and then walked away to re-shelve a bottle of soda.

The second circuit considered a similar case in *Hubbard v. AP3 Investments, LLC*, 43,673, p. 3 (La. App. 2 Cir. 11/19/08), 997 So.2d 882, 884, wherein it stated that:

> A plaintiff is not required to prove by eyewitness testimony that the hazardous condition existed for a certain number of minutes prior to the fall. Instead, the factfinder can reasonably infer from circumstantial evidence that it is more probable than not that the condition existed for such time prior to the accident that it should have been discovered and corrected. *Bassett v. Toys "R" Us Delaware, Inc.*, 36,434 (La.App.2d Cir.12/30/02), 836 So.2d 465, *writ denied,* 2003-0560 (La.4/25/03), 842 So.2d 408.

However, the second circuit, noting that the plaintiff did not see the condition of the rug prior to the fall and was merely assuming that she tripped on an overturned portion of the rug, affirmed the granting of the defendant's motion for summary judgment. It held:

> [The plaintiff] has not presented any evidence that she can make a positive showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence. There is also no evidence that [the defendant] created or had actual knowledge of the damage-causing

condition. [The plaintiff] has not produced factual support sufficient to establish that she will be able to satisfy her burden of proving that [the defendant] created or had actual or constructive knowledge of the damage-causing condition. Accordingly, the trial court did not err in granting the motion for summary judgment.

*Id*. at 886-87.

Similarly, the plaintiff in the case before us did not make a positive showing that the defendant had notice of the rug being out of place, insofar as she stated that *after* the fall she "was trying to find out what it was that [she] had tripped over." She confirmed that she did not see the rug before she fell and did not know what "disturbed it," but she, ultimately, concluded that the "rug would have to be wrinkled up for [her] to trip over it." Further, we find of particular importance the fact that the deli manager straightened the rug just minutes before the plaintiff's accident.

Additionally, the notice element of the statute also requires a showing that the condition *caused* the damage. Aside from the testimony that a rug was on the floor, there is no evidence that the rug actually caused the plaintiff's fall.

Thus, there is no evidence in the record to show that the defendant created a condition presenting an unreasonable risk of harm or that it had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

Finally, the last element addresses whether the merchant failed to exercise reasonable care. Again, testimony indicates that an employee observed and straightened the rug only minutes before the plaintiff's fall. As such, there is no showing that the defendant did not exercise a reasonable degree of care.

After reviewing the facts in light of the statutory standard, we find that the trial court committed manifest error in ruling that the defendant was liable. Accordingly, we reverse and render judgment.

7

We note that the plaintiff argues that this case is governed by La.Civ.Code art. 2317.1. Notwithstanding the above analysis under La.R.S. 9:2800.6, and assuming for purposes of argument that La.Civ.Code art. 2317.1 is applicable, the claim fails for the same reasons. There was no evidence that a "defect" existed. A crack in the floor or a rug on the floor, alone, do not prove the existence of a defect. Nor was there proof as to causation or lack of reasonable care on the part of the defendant.

*Excessive Damages*

The defendant's second assignment of error regarding an excessive damage claim is rendered moot in light of our reversal.

**DECREE**

For the foregoing reasons, the trial court's judgment in favor of the plaintiff, Linda G. Bonstell, is reversed. Judgment is rendered in favor of the defendant. All costs of this proceeding are assessed against the plaintiff.

**REVERSED AND RENDERED.**