NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 21-302

JACQUELINE SCHEXNYDER AND STEVEN RAY SCHEXNYDER

VERSUS

ALL-IN RESTAURANT GROUP, LLC, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 264,443
HONORABLE PATRICIA EVANS KOCH, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

D. KENT SAVOIE
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and D. Kent Savoie, Judges.

AFFIRMED.

**Randall B. Keiser**
**Matthew L. Nowlin**
**Keiser Law Firm, P.L.C.**
**P. O. Box 12358**
**Alexandria, LA 71315-2358**
**(318) 443-6168**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
    **All-In Restaurant Group, LLC**
    **State Farm Fire and Casualty Company**

**L. Lyle Parker**
**Christina S. Slay**
**Jonathan A. Cobb**
**709 Versailles Blvd.**
**Alexandria, LA 71303**
**(318) 445-8236**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
    **Jacqueline Schexnyder**
    **Steven Ray Schexnyder**

**SAVOIE, Judge.**

Plaintiffs, Jacqueline and Steven Schexnyder, appeal the trial court's summary judgment dismissal of their claims against All-In Restaurant Group, LLC ("All-In"), and State Farm Fire and Casualty Company ("State Farm"). For the reasons that follow, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of an alleged slip and fall that occurred at Walk-On's Bistreaux and Bar ("Walk-On's") in Alexandria, Louisiana. Walk-On's is owned and operated by All-In. Mrs. Schexnyder alleges that on March 22, 2018, she, along with her husband and other members of her family, arrived at the restaurant around 6:15 p.m., they were told there would be a thirty-minute wait for a table, and then they decided to go eat somewhere else. According to Mrs. Schexnyder, she decided to use the restroom before leaving; however, on her way to the restroom, she walked down a ramp, then her right foot went out from under her, she fell, and she landed on her left knee.

On March 7, 2019, Mr. and Mrs. Schexnyder filed a petition seeking damages sustained as a result of the March 22, 2018 incident. On December 11, 2020, Defendants All-In and State Farm filed a Motion for Summary Judgment seeking to dismiss the Schexnyders' claims. Defendants argued that there were no issues of material fact, and that Plaintiffs could not support their negligence claim under La.R.S. 9:2800.6 because they could not establish the hazardous condition that caused Mrs. Schexnyder's fall, that Walk-On's created a hazard, and/or the temporal relationship required under La.R.S. 9:2800.6.

In support of their motion, Defendants submitted the deposition testimony of Mrs. Schexnyder. She explained that on the day of the accident, she walked from

the waiting area in the restaurant and down a ramp; then, closer to the end of the ramp, she fell. She stated, "as I was walking, my right heel, as it struck the floor, slid out in front of me, and then I fell on my left knee." She stated that, at the time, she was wearing shoes she described as "slides" with a low wedge heel, "[m]aybe a half inch."

When asked about the condition of the ramp's flooring, Mrs. Schexnyder testified, "I think I remember it being like a wood grain look. Now was that real wood or linoleum that looked like wood, I can't tell you." In addition, when asked by counsel whether the floor "was . . . shiny like it was wet before you fell[,]" Mrs. Schexnyder replied, "I cannot say either way. I don't know. . . . I don't remember." Mrs. Schexnyder also stated that she did not recall her shoes or clothing being wet after she fell, nor did she recall there being any food particles on her clothing after she fell. The following colloquy also took place between counsel and Mrs. Schexnyder:

> Q. Do you know what it is you slipped on?
> A. I do not know. I just remember it being surprisingly slippery.
> Q. When you say surprisingly slippery, you mean the ramp?
> A. When my heel went out in front of me.
> Q. Okay.
> A. It was totally unexpected.

Mrs. Schexnyder also testified that she did see an employee walk up the ramp while she was there, but that she did not remember the details.

Defendants also submitted Mr. Schexnyder's deposition testimony in connection with their Motion for Summary Judgment. He testified that, when his wife fell, he was sitting on a bench in the waiting area of the restaurant and did not see her fall. He explained that someone came to where he was and told him she had fallen. He stated that he did not notice any substances like water, food, or

2

drinks on the floor, and that he walked down the ramp at issue to get to his wife to assist her.

Defendants further submitted the affidavit of Ricky Williams in support of their Motion for Summary Judgment. Mr. Williams stated he was a general manager of All-In on the date of the accident at issue. He explained that as part of its normal operations, All-In conducted inspections of various areas of the restaurant, including the area in which Mrs. Schexnyder fell, on a twice-daily basis, and that those inspections occurred on the day of the accident at issue. Mr. Williams further stated that restaurant managers communicate by wireless headset continuously throughout business hours, that they are to announce spills through this system, and that spills are to be addressed immediately. Also, according to Mr. Williams, he interviewed the other managers, and no manager had any recollection of any report of any foreign substance prior to the accident at issue.

Plaintiffs submitted an opposition to Defendants' motion on January 27, 2021. Therein, they argued that "it is common knowledge that slippery, wet floors create an unreasonable risk of harm." Plaintiffs also argued that there was enough circumstantial evidence to at least create an issue of material fact as to whether a hazardous condition existed for some time prior to the accident, and whether "Walk-On's knew or reasonably should have known of the wet floor on the date of the incident."

Plaintiffs attached the affidavits of six purported Walk-On's customers in support of their opposition to Defendants' Motion for Summary Judgment. This included the affidavit of Jeff Mosby, dated January 26, 2021. The affidavit states that Mosby was a customer at the subject Walk-On's in December 2018, and that as he was walking down the ramp that gives access to the lower seating area on the

3

way to the restroom, he "nearly slipped on the extremely slippery surface of the floor." Mr. Mosby stated that "it simply felt as if the entire surface of the ramp was slick due to excess grease residue," and that he told everyone at his table when he got back from the restroom of the "danger posed by the extremely slippery surface of the floor."

Plaintiffs also attached a January 26, 2021 affidavit of Yvette Vanmol to their opposition. The affidavit states that Ms. Vanmol had gone to the subject Walk-On's in 2018, shortly after its opening, and that, after being seated, she got up to go to the restroom. She stated, "As I was walking to the restroom, I almost slipped on what felt like a grease-like substance on the floor causing it to be extremely slippery[,]" and that the floor "simply felt as if the entire surface area of the floor, near the restroom, was slick due to the existence of a grease-like substance on the floor."

Plaintiffs also attached to their opposition a similar affidavit from Bob Paul, also dated January 26, 2021. This affidavit states that Mr. Paul went to the subject Walk-On's several times shortly after it opened in 2018, and that during his "many trips" to the restaurant, he "nearly slipped while going down the ramp leading to the lower seating and the restrooms, causing [him] to hold onto the railing to prevent [his] falling." The affidavit further states that he "noticed that the surface of the floor seemed to be covered in a greasy, waxy shine, causing it to be extremely slick."

The affidavit of Bailey Grace Thompson, dated January 26, 2021, was also attached to Plaintiffs' opposition. Therein, Ms. Thompson stated that she had been to the subject Walk-On's "several times," and that "every time" she went, she "noticed that the floor is extremely slippery and seems to have a greasy, wax-like

4

shine." The affidavit further states, "These slippery floors seem to be a common theme throughout the entire restaurant, especially on the ramp going down to the lower seating and restroom, requiring one to hold onto the railing to prevent oneself from slipping."

Plaintiffs also attached to their opposition a similar affidavit from Anthony Work, dated January 26, 2021. Therein, Mr. Work stated that he has been to the subject Walk-On's on "several occasions," that he has "personally noticed that the floor seems to be very slick, particularly around the bar area," and that the "floor appears to have a greasy shine to it." Mr. Work further stated "[t]he existence of the greasy, slick floor could potentially pose a danger to a customer, causing one to slip on it, injuring themselves."

Lastly, Plaintiffs attached a copy of a purported affidavit of Kimberly Rogers. The affidavit bears a watermark or stamp stating "Rapides Parish Clerk of Court" across the page. It is dated March 5, 2020, and appears to be notarized, although the name of the notary is not legible. The affidavit states that Ms. Rogers went to the subject Walk-On's on January 28, 2018, and after being seated, she got up to take her grandson to the restroom. However, as they began to walk across some mats on the floor of a ramp, they were stopped by an employee and told to go a different route. They did as instructed; however, according to Ms. Rogers, she fell on a step. The affidavit states that Ms. Rogers could feel that the floor was wet at the time, and that her arms and hands were wet after her fall.

On February 3, 2021, Defendants filed a Reply Memorandum in Support of Motion for Summary Judgment, with an incorporated motion to strike the affidavits attached to Plaintiffs' opposition brief. With respect to the Rogers affidavit, Defendants argued that it was a printout from the Rapides Parish Clerk of

5

Court of an affidavit from other litigation, that Rogers' fall occurred two months prior to Mrs. Schexnyder's and in different part of the restaurant, and that, unlike the instant case, liquid was observed on the steps where she fell. Therefore, Defendants argued that the Rogers affidavit should be stricken as irrelevant.

Defendants also argued that the January 26, 2021 affidavits from the five other Walk-On's customers should be stricken under La.Code Civ.P. art. 967(A) because there was no "affirmative showing that they are over the age of majority or are otherwise competent to testify." Defendants further argued that the affidavits failed to contain specific underlying facts based on the affiants' personal knowledge and, therefore, do not satisfy La.Code Civ.P. art. 967(A).

Specifically, Defendants argued that the Mosby affidavit contained lay opinion testimony based on an experience occurring nine months prior to the instant accident, and that there was no attestation that Mosby had personal knowledge of the condition of the floor on the day of the instant action. Defendants similarly argued that the Vanmol affidavit provided a lay opinion based on her observations shortly after Walk-On's opened in 2018, that there was no attestation that Vanmol had personal knowledge of the condition of the floor on the date at issue here, and that the affidavit failed to specify that the flooring referenced included the ramp at issue. Defendants made similar arguments with respect to Paul's affidavit.

Defendants also argued that the Thompson affidavit did not contain an attestation of personal knowledge of the condition of the floor on the date of the instant accident, it failed to specify when the observations were made, and it failed to specify whether Thompson's opinion included the ramp at issue herein. Defendants further took issue with Thompson's opinion that slippery floors are a

6

"common theme" in the restaurant requiring one to hold onto a railing to prevent slipping, and that such an opinion is in violation of La.Code Evid. art. 701.

Similarly, Defendants took issue with the Work affidavit, arguing that it did not specify when the observations were made or whether the observations included the ramp at issue herein, and that there was no attestation of personal knowledge of the condition of the ramp on the day of the accident at issue. Defendants further argued that Work's opinion that the slick floor could pose a potential danger to a customer is not admissible under La.Code Evid. art. 701.

In connection with their motion to strike, Defendants also argued that, with the exception of VanMol, none of the affiants had been disclosed as potential witnesses in Plaintiffs' September 30, 2019 responses to Defendants' discovery propounded. Rather, Plaintiffs supplemented their discovery responses on January 26, 2021, just hours before submitting their opposition to Defendants' Motion for Summary Judgment, and identified the names of Paul, Work, Thompson, and Mosby as additional witnesses. Rogers was never identified as a potential witness, and, according to Defendants, Plaintiffs have not provided them with the contact information of any of the affiants.

The trial court ultimately struck the affidavits that Plaintiffs submitted. It then went on to grant Defendants' motion for summary judgment and dismissed Plaintiffs' claims against them. Plaintiffs appeal, and they assert the following as assignments of error:

1. The Trial Court erred in striking the affidavits of Jeff Mosby, Yvette Vanmol, Bob Paul, Baily Grace Thompson, Anthony Work and Kimberly Rogers for failure to meet the formal requirements of affidavits and/or for relevance.

2. The Trial Court erred in granting the Motion for Summary Judgment filed on behalf of defendants, dismissing plaintiff's

claims against defendants, as a genuine issue of material fact exists as to the condition and knowledge of the condition of the floor located at Walk-Ons in Alexandria, Louisiana.

## STANDARD OF REVIEW

As recognized in *Samaha v. Rau,* 07-1726, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882-83 (footnote omitted),

> A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co*., 2006-363 p. 3 (La. 11/29/06), 950 So.2d 544, 546, see La. C.C.P. art. 966. A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Wright v. Louisiana Power & Light*, 2006-1181 p. 17 (La. 3/9/07), 951 So.2d 1058, 1070; *King v. Parish National Bank*, 2004-0337 p. 7 (La. 10/19/04), 885 So.2d 540, 545; *Jones v. Estate of Santiago*, 2003-1424 p. 5 (La. 4/14/04), 870 So.2d 1002, 1006.

"[A] motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

> The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

La.Code Civ.P. art. 966(D)(1).

8

# ANALYSIS

Louisiana Revised Statutes 9:2800.6 states the following with respect to a claimant's burden in establishing a merchant's liability for injuries resulting from a slip and fall:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

"The first element contemplates whether a condition presented an unreasonable risk of harm." *Bonstell v. Brookshire Grocery Co.*, 09-154, p. 5 (La.App. 3 Cir. 6/3/09), 15 So.3d 1112, 1115. "In a slip and fall case, a hazard is established when the fall results from a foreign substance on a floor or an unreasonably slippery surface." *Burnett v. M & E Food Mart, Inc. No. 2*, 00-350, p. 3 (La.App. 3 Cir. 11/15/00), 772 So.2d 393, 396, *writ denied*, 00-3425 (La. 2/16/01), 786 So.2d 101 (footnote omitted). "The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant

9

does not have to make a positive showing of the absence of the condition prior to the fall." *White v. Wal-Mart Stores, Inc.*, 97-393, p. 4 (La. 9/9/97), 699 So.2d 1081, 1084.

In support of their Motion for Summary Judgment, Defendants submitted the Schexnyders' deposition testimony to show the absence of any factual support that a hazardous condition existed at the time of Mrs. Schexnyder's fall. Mrs. Schexnyder testified that the ramp where she fell had the look of wood grain, but she did not otherwise know the type of flooring, that she could not remember whether the floor looked shiny or wet, that she did not know what she slipped on, and that she did not recall there being any liquid or food particles on the floor at the time. While Mrs. Schexnyder stated she "just remembered it being surprisingly slippery," this conclusory statement alone, without any supporting facts, is insufficient to support a finding that the ramp was actually unreasonably slippery or that a hazardous condition otherwise actually existed. Mr. Schexnyder also testified that he did not recall any food particles or liquid present on the floor.

For purposes of Defendants' Motion for Summary Judgment, the Schexnyders' deposition testimony was sufficient to establish a lack of factual support for an essential element of their claim (i.e. the existence of a condition on the floor that created an unreasonable risk of harm), and therefore the burden shifted to Plaintiffs to set forth specific facts that created a genuine issue for trial. La.Code Civ.P. art. 966(D)(1).

Regardless of their admissibility under La.Code Civ.P. art. 967(A), the affidavits submitted by Plaintiffs otherwise fail to set forth specific facts that establish a material issue concerning the existence of a hazardous condition on the day in question. None of the affiants were present on the day of Mrs.

Schexnyder's fall. Further, the affiants' testimony that the floor "felt like," "seemed to have," or "appeared to have," a greasy or wax-like shine on the date(s) they went to the subject Walk-On's does not establish, or create a factual issue, concerning the condition of the floor on the day of Mrs. Schexnyder's fall. This testimony also cannot be used to call into question Mrs. Schexnyder's own testimony that she did not recall the floor being shiny on the day of her fall. Moreover, the mere fact that a floor appears shiny is insufficient to establish liability on the part of a merchant; rather, "[t]he plaintiff must prove the floor is in fact unreasonably slippery, perhaps as a result of an excessive or uneven application of wax or from the application of improper wax." *Kinchen v. J.C. Penny Co., Inc.,* 426 So.2d 681, 683-84 (La.App. 1 Cir. 1982). There was also no indication from Mr. or Mrs. Schexnyder's testimony that there was a grease-like or wax-like substance on the floor at the time of Mrs. Schexnyder's fall.

Because Plaintiffs failed to present evidence sufficient to create a fact issue concerning the existence of a hazardous condition on the day of Mrs. Schexnyder's fall, we find no error in the trial court's summary judgment dismissal of Plaintiffs' claims against Defendants.

## **DECREE**

For the reasons set forth herein, we affirm the trial court's summary judgment dismissal of Plaintiffs' claims against All-In and State Farm. Costs of this appeal are assessed to Plaintiffs.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

11